**STATE of Missouri, Respondent,**

v.

**Clifford RITTER, Appellant.**

**No. 45590.**

Missouri Court of Appeals,
Eastern District.
Division Three.

Dec. 21, 1982.

Gene Gulinson, Salem, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Jerry Wilkerson, Pros. Atty., Salem, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction of murder in the second degree in violation of § 565.004, RSMo.1978. A jury found him guilty and assessed punishment of thirty years' imprisonment, and the trial court sentenced him accordingly.

On appeal, defendant alleges the trial court erred in refusing to give an instruction on voluntary intoxication, in overruling defendant's motion for acquittal for insufficiency of the evidence, and in refusing to exclude certain inculpatory statements defendant made while he was intoxicated.

At trial, Debbie, the woman with whom defendant was living, testified to the following facts. She and defendant began drinking at approximately 10:00 a.m. on May 2, 1981. Defendant also took pain medication throughout the day. That evening, defendant went out alone. At approximately 9:30 p.m., in the company of the victim, Ray Hayes, defendant returned to the trailer where he and Debbie lived. Each of the men had a six-pack of beer with him. The two men sat at the table and drank and talked. Defendant, at one point, fell out of his chair and he could hardly walk. Ray asked to borrow a derringer. Debbie fetched the gun from the bedroom, and Ray took it from her. Defendant also had a gun, a .25-caliber automatic. The men argued several times dur-

ing the evening, and during one argument, Ray shot into the ceiling. During the last argument Ray knocked defendant down twice. Defendant stood up, staggered, Ray shouted "Shoot me," and the .25-caliber gun defendant had in his hand discharged. Ray fell to his knees, and defendant laid him on his back on the floor. Ray repeatedly shouted, "Shoot me." Defendant said, "He's dead," and fired the .25-caliber gun several more times at Ray. Defendant then wandered around the trailer waving the gun. Debbie tried to speak to him, but "he was just really out of his head." Debbie ran next door and had her neighbor summon the police.

Several police officers testified to the following facts. When the officers arrived, defendant told him that the victim was a stranger who had come into the trailer and shot at defendant. The officers arrested defendant and read him his *Miranda* warnings. The defendant stated that he understood the warnings. Some time later the defendant admitted he knew the victim, identified him, and admitted having shot him. Defendant also stated that he was not sorry for what he had done and would do it again. He said the gun was someplace where the police would never find it. One officer testified that he found the .25-caliber gun under the seat in Debbie's pickup truck. One officer stated the defendant appeared intoxicated.

The coroner testified that the victim had been shot four times in the head and that one of the shots caused the victim's death.

In his principal point, defendant contends the trial court erred in refusing to submit to the jury defendant's proffered instructions on voluntary intoxication. He argues that he was entitled to an instruction on the defense of intoxication because intoxication may negative "the existence of the mental states of purpose or knowledge when such mental states are elements of the offense charged ...." § 562.076.1(1), RSMo.1978.

■ At the time this case was tried, *State v. Gullett,* 606 S.W.2d 796 (Mo.App. 1980), was believed to be the ruling law. In that case, the Missouri Court of Appeals for the Western District held that recklessness is a sufficient mental state for murder in the second degree and, therefore, intoxication is not available as a defense to that crime. *Id.* at 803–05. However, on August 31, 1982, the Missouri Supreme Court, in *State v. Mannon,* 637 S.W.2d 674 (Mo. banc 1982), specifically overruled that portion of *Gullett.* In *Mannon,* the Court held that the specific intent to kill or to do great bodily harm is a necessary element of conventional murder in the second degree, and, therefore, intoxication is available as a defense to that crime. The Court held that the trial court's failure to submit the instruction on voluntary intoxication, MAI–CR2d 3.30.1, was prejudicial error and reversed the judgment and remanded the case for a new trial. *State v. Mannon,* 637 S.W.2d at 680. We are constrained to follow *Mannon.* Therefore, we find the trial court's refusal to submit an instruction on intoxication was prejudicial error, and we reverse its judgment and remand this cause for a new trial.

■ Defendant also contends the trial court erred in overruling his motion for acquittal for insufficiency of the evidence. In determining the sufficiency of the evidence to support a criminal conviction, we accept as true all the evidence favorable to the state and all favorable inferences that may be reasonably drawn from that evidence. We disregard evidence and inferences to the contrary. *State v. Longmeyer,* 566 S.W.2d 496, 499 (Mo.App.1978). The evidence here was sufficient to permit the jury to find beyond a reasonable doubt that defendant intentionally fired one shot at the victim, who did not have a gun in his hand, and that he intentionally fired three more shots at the victim while the victim lay on his back. As the Court in *Mannon* found, we also find here:

The evidence that defendant intentionally shot the deceased is sufficient evidence to warrant, but not compel, a finding by the jury that the defendant intended to kill or intended to do serious bodily harm to the deceased. The evidence of intoxication does not foreclose those findings but

is to be considered by the jury in deciding whether appellant did intend to kill or intend to do serious bodily harm to the deceased. *State v. Mannon,* 637 S.W.2d at 680. We overrule this point.

■ We will also discuss defendant's other point because it may arise on retrial. Defendant contends the trial court erred in refusing to exclude evidence of the inculpatory statements defendant made to police officers on the night of his arrest. Defendant contends he was so intoxicated at the time that he was incapable of making a voluntary statement. Defendant's motion to suppress does not mention his intoxication, and he made no objection on that ground to the statements when they were introduced at trial; therefore, this point was not preserved. *State v. McCrary,* 621 S.W.2d 266, 272 (Mo. banc 1981). We have, nevertheless, considered this point, for the reasons stated above.

■ A defendant's intoxication at the time of making a statement does not require exclusion of that statement if the defendant had the mental capacity to know what he was saying. *State v. Curry,* 578 S.W.2d 283, 285 (Mo.App.1979). Intoxication is, however, a factor to be considered in determining the weight and credibility of a statement. *State v. Wisdom,* 540 S.W.2d 94, 96 (Mo.App.1976). The trial court considered the observations and comments regarding defendant's appearance and behavior that the police officers had recorded in their reports and determined that defendant was not so intoxicated at the time he made the statements as to render those statements involuntary. We find no manifest error in the trial court's refusal to exclude those statements. *See State v. Haas,* 610 S.W.2d 68, 72–73 (Mo.App.1980). We rule this point against defendant.

Judgment reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.