**STATE of Missouri, Respondent,**

v.

**Tommy Ray HARRIS, Appellant.**

**No. 46246.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Defendant Tommy Ray Harris was convicted of second degree assault § 565.060 RSMo 1978 and sentenced as a persistent offender to eight years pursuant to § 558.-016 RSMo 1978. He now appeals contending the trial court erred in denying his motion to suppress his confession in that it was the product of an illegal arrest made without probable cause; that it was procured by the use of duress and coercion and; that it was made subsequent to his invocation of his right to silence. Defendant also contends the trial court failed to make the required factual determination of the issues presented in his motion to suppress.

On the evening of May 16, 1981, the victim in this case was struck on the head as he was entering his home. The victim was unable to see who hit him. Prior to the assault, two neighbors observed a white van traveling up and down the street about three times. Ten or fifteen minutes later they heard screams and ran to the victim's house where they found him in a bloodied condition. One of the neighbors observed two men walking out of the victim's yard and subsequently break into a run. The other neighbor chased them and saw them pull off in a white van. After the police arrived, a bulletin based on the information provided by the witness was issued for an early model white van. Shortly thereafter a police officer stopped a van fitting the description, and the witness later identified it as the one seen in the victim's neighborhood. Defendant, an occupant of the van, was advised of his constitutional rights on several occasions including the morning after the arrest, before he was informed the police knew the victim was his uncle by marriage. Defendant then made an oral and written statement to the effect that he and his accomplices had planned to rob the victim be-

cause he was known to carry large sums of cash. Defendant further stated his accomplices drove him to a Zantigo's restaurant and left him at that location because he was known by sight in the area. Approximately thirty minutes later both accomplices picked up the defendant and told him the robbery had not gone according to plan. At trial, defendant admitted to two prior felonies and denied any responsibility for the assault on the victim. He also claimed his confession was not voluntary but was the product of coercion and duress.

We first address defendant's failure to preserve any point of error. When a motion to suppress has been denied and the evidence is subsequently offered at trial, counsel must again make a timely objection in order to preserve the issue for appellate review. *State v. Yowell*, 513 S.W.2d 397, 402 (Mo. banc 1974). While defendant may have considered a renewed objection superfluous, we do not. The trial judge should be given the opportunity to reconsider his previous ruling in light of the evidence presented at trial. *Id.* at 403. The record reflects defendant's pretrial motion to suppress evidence was denied and that during trial, he failed to object to the admission of the very evidence he had sought to suppress. Accordingly, our review of defendant's entire appeal is limited to that of plain errors affecting substantial rights resulting in manifest injustice or a miscarriage of justice. Rule 29.12(b) V.A.M.R.; *State v. Bryson*, 506 S.W.2d 358, 361 (Mo.1974). We find no such error for the following reasons.

Defendant first argues the motion to suppress should have been granted because the confession was obtained as the result of an arrest made without probable cause. We disagree. The record demonstrates defendant's vehicle fit the description for a van which had just been involved in a crime in the vicinity and witnesses were able to positively identify it as the one seen prior to and immediately following the incident. See *State v. Carter*, 572 S.W.2d 430, 435 (Mo. banc 1978) where the witnesses' description of a tan or light colored car

served as the basis for probable cause for arresting and searching the defendant found in a cream colored car. Also see *State v. Murray*, 445 S.W.2d 296, 298 (Mo. 1969).

Defendant also contends his confession was involuntary and made as the result of duress and coercion. Absent a showing of special circumstances, the state need only make a prima facie case of voluntariness by showing that at all stages of interrogation the accused was advised of his constitutional rights and that no physical force, threats, or coercive tactics were used to obtain the confession. *State v. Thomas*, 596 S.W.2d 409, 412 (Mo. banc 1980); *State v. Huffman*, 607 S.W.2d 702, 705 (Mo.App.1980). Defendant was advised of his rights upon the initial arrest, prior to interrogation at the police station and again the following morning before making his statement. Furthermore, both officers present at the time testified defendant understood his rights and that physical abuse was not used in the procurement of the statement. We find the state met its burden.

Defendant's next allegation was never even raised in his motion to suppress. He now argues his right to remain silent was not scrupulously honored and any statements, therefore, were made without a valid waiver of his constitutional rights.

The right to remain silent is not a "per se proscription of indefinite duration," rather "the admissibility of statements made after a person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.' " *Michigan v. Mosley*, 423 U.S. 96, 102, 104, 96 S.Ct. 321, 325, 326, 46 L.Ed.2d 313, (1975). It has also been established, however, that after an accused has invoked his right to remain silent, he is not precluded from changing his mind and making a statement nor are the police prohibited from inquiring into whether an accused has changed their mind. The law requires only that the confession be voluntary and with under-

standing of the rights accorded by *Miranda*. *State v. Pollock*, 603 S.W.2d 614, 620 (Mo.App.1980); *State v. Taylor*, 559 S.W.2d 35, 37 (Mo.App.1977).

We do not find that defendant's statement was produced by renewed or lengthy interrogation, but rather his statement was most likely prompted by the information which the police confronted him with concerning his relationship to the victim. Again, defendant was advised of his *Miranda* rights prior to making his confession. We believe it was made freely and voluntarily and find no plain error.

■ Finally, defendant claims the trial court erred in failing to specifically rule on the issue of whether his constitutional right to cut off questioning was scrupulously honored. In a hearing on a motion to suppress, the trial judge is not required to make an express and explicit determination on each element of the *Miranda* warnings. The trial court must make a determination of admissibility, often referred to as voluntariness, including, or based upon an expressed or clearly implied finding in respect to the issues. *State v. Monteer*, 467 S.W.2d 48 (Mo. banc 1971). The record expressly reflects that the trial court found defendant's statement voluntary and admissible as evidence. We believe that the trial court, when making this finding, impliedly determined that defendant was advised of his constitutional rights, that he understood them, and that he affirmatively and knowledgeably waived them.

We again note defendant did not object to the court's findings, thus, failing to give the court the opportunity to rectify any error. Moreover, it has been held that a failure to make an express finding as to the voluntariness of a defendant's statements does not result in manifest injustice. *State v. Miller*, 593 S.W.2d 895, 897 (Mo.App. 1982). Judgment affirmed.

SATZ, P.J., and GAERTNER, J., concur.