**STATE of Missouri, Respondent,**

v.

**Larry BROWN, Appellant.**

No. 48730.

Missouri Court of Appeals, Eastern District, Division Two.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

William J. Shaw, Clayton, for appellant.

John Munson Morris, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Larry Brown, appeals from a judgment based on jury verdicts finding him guilty on one count of rape and two counts of sodomy.[1] Defendant argues on appeal that the trial court erred in: (1) denying defendant's motion to suppress evidence of his confession; (2) denying defendant's request for a recess immediately prior to the victim testifying at trial; and (3) overruling defendant's objection to the admission of evidence indicating that defendant had on a prior occasion sexually abused his stepdaughter. Finding no error on any of these points, we affirm.

Defendant does not challenge the sufficiency of the evidence adduced at trial. The evidence showed that on the night of Friday, October 14, 1983, the victim, a twelve-year old girl, babysat at the home of Renee Love. Ms. Love intended to be out until early Saturday morning, and had thus arranged for the victim to sleep overnight.

---

1. Defendant was initially tried on the rape and sodomy counts on March 5-7, 1984, in Division No. 13 of the St. Louis County Circuit Court, with Judge Voorhees presiding. In that trial, the jury found defendant guilty on the sodomy counts but could not reach a decision on the rape count. On March 26–28, 1984, defendant was retried on the rape count in Division No. 5 of the St. Louis County Circuit Court, with Judge Litz presiding. The jury in that trial found defendant guilty on the rape count.

Near dawn on Saturday morning, while the victim was asleep in a bedroom, Ms. Love arrived home with three friends, one of whom was the defendant. They had all been drinking heavily for several hours. Shortly thereafter the victim awoke and found the defendant lying on the floor next to her bed. The victim conversed briefly with the defendant, telling him her name, age and that she attended junior high school. Defendant then climbed onto the bed and forcibly raped and sodomized the victim.

Later that morning, the victim related this incident to her mother, who immediately notified the police. The victim also spoke with the defendant's wife over the telephone. That afternoon, the defendant surrendered himself to the police. After signing a waiver of his constitutional rights, defendant confessed to raping and sodomizing the victim.

In his first allegation of error, defendant argues that the trial court erred in denying his pre-trial motion to suppress evidence of his confession. Defendant contends that his confession was inadmissible because it was not given voluntarily. Defendant challenges the voluntariness of his confession on two grounds: (1) because police detectives mentally and physically coerced him during his interrogation; and (2) because he was too intoxicated to knowingly and intelligently waive his constitutional rights.

When the admissibility of a defendant's confession has been challenged, the state bears the burden of proving by a preponderance of the evidence that defendant gave his confession voluntarily. *State v. Blair*, 638 S.W.2d 739, 748 (Mo. banc 1982), *cert. denied* 459 U.S. 1188, 103 S.Ct. 838, 75 L.Ed.2d 472 (1983). A confession will be ruled involuntary if the police used physical or psychological coercion sufficient to overbear the defendant's will at the time he confessed, or if the totality of circumstances indicate that the defendant was deprived of a free choice to admit, deny or refuse to answer questions presented to him. *State v. Sherrill*, 657 S.W.2d 731, 739 (Mo.App.1983). The admissibility of a confession lies within the discretion of a trial court, and the question on appeal is whether sufficient evidence supports the trial court's finding of voluntariness. If there is conflicting evidence on the issue of voluntariness, the trial court's ruling will not be disturbed for anything short of manifest error. *State v. Jensen*, 621 S.W.2d 263, 264 (Mo.1981); *State v. Cole*, 657 S.W.2d 59, 62 (Mo.App.1983).

In his brief to this court, defendant concedes that "the states' [sic] testimony would support a finding that the [defendant's] statement was voluntary and was preceded by a waiver of the right to silence." We agree. Detective Stephen Deen of the St. Louis County Police Department testified that he advised defendant of his constitutional rights prior to defendant's confession. Defendant told Detective Deen that he understood his rights, and then defendant initialed and signed the Department's "Warning and Waiver" form.

The only evidence of any threat or promise made to defendant was defendant's own testimony that one of the interrogating officers threatened to "break something off [his] butt and send [him] up the river." Such evidence is insufficient to compel this court to reverse the trial court's ruling. If substantial evidence supports a trial court's finding of voluntariness, the defendant's testimony to the contrary, standing alone, will not mandate reversal. *State v. Holt*, 660 S.W.2d 735, 737 (Mo.App.1983).

We also reject defendant's contention that his intoxication at the time of his confession rendered the confession involuntary and thus inadmissible. In *State v. Ritter*, 644 S.W.2d 387, 390 (Mo.App.1982), this court held that intoxication does not preclude admission of a defendant's confession if the defendant had the mental capacity to know what he was saying at the time he confessed. Unless intoxication rises to the level of "mania," it affects the weight and credibility of the confession, but does not affect its admissibility. *State v. Wisdom*, 540 S.W.2d 94, 96 (Mo.App.1976).

■ In pre-trial proceedings on defendant's motion to suppress his confession, Detective Deen testified that defendant was emotionally stable and did not appear to be intoxicated when he confessed. Defendant admitted at trial that although he had been drinking heavily the night before his confession, he had not had a drink for approximately nine hours before he confessed. This evidence supports the trial court's finding that defendant knew what he was saying when he waived his constitutional rights. Defendant thus confessed voluntarily, and we affirm the trial court's admission of defendant's confession.

■ In his next allegation of error, defendant contends that the trial court erred in denying his request for a brief recess immediately prior to the victim's taking the witness stand. Defendant requested a recess because the victim was visibly upset and crying when the prosecutor called her to testify. The trial court denied this request, noting that the victim looked "somewhat emotional, but ... seem[ed] to have fairly good control of herself."

Appellate tribunals have traditionally afforded trial courts broad discretion in overseeing the conduct of a trial. "A request for a recess, like a request for a continuance, is addressed to the sound discretion of the trial court...." *State v. Bey,* 599 S.W.2d 243, 247 (Mo.App.1980). An appellate court will not interfere with the exercise of such discretion unless it has clearly been abused. *State v. Smith,* 665 S.W.2d 663, 666 (Mo.App.1984).

Accordingly, we must reject defendant's contention that the trial court abused its discretion in denying a recess. The mere fact that the victim was in tears when she took the witness stand does not take the trial court's ruling outside the bounds of its discretionary authority. We thus affirm on this point.

■ In his final allegation of error, defendant argues that the trial court erred in allowing the prosecution, during cross-examination of defendant's wife, to inquire into an incident in which defendant was alleged to have sexually abused his step-daughter. Defendant argues on appeal that such evidence was irrelevant and inadmissible as evidence of a prior crime.

At trial, defendant's wife, Julie Brown, testified on direct examination by defendant's counsel that she had spoken with the victim over the telephone on the morning of the attack. Ms. Brown testified that the victim told her that the defendant "had kissed and touched her" but had not done "anything with his penis to her." She testified that the victim "was pretty composed" and that she "spoke clearly to [her]."

On cross-examination, the prosecutor asked Ms. Brown the following question: "Isn't it a fact that [the victim] did not give you any information, that she was hesitant to talk with you until you told her that your own ... daughter had the same thing happen to her, that she was abused?" Defendant objected solely on the ground that "[t]here [was] no evidence in the record that that ever took place and [the prosecutor knew] that." The trial court overruled defendant's objection.

Defendant's allegation of error on appeal, based upon irrelevancy and the inadmissibility of evidence of a prior crime, goes beyond the scope of his objection at trial. This court has repeatedly held that an allegation of error on appeal must be based upon the theory voiced in the objection at trial, and an appellant cannot change or expand the objection on appeal. *State v. Cannady,* 660 S.W.2d 33, 37 (Mo. App.1983). Hence, defendant in the instant case has not properly preserved his present objection for appeal. In such a situation we may only consider defendant's allegation of error under Rule 29.12(b), the "plain error" rule.

■ The plain error rule vests an appellate court with discretion to review an error to which appellant did not properly object in the trial court. An appellate court will reverse under the plain error rule only if appellant makes a sound, substantial manifestation and a strong, clear showing that injustice or a miscarriage of justice

will result from the alleged error. *State v. Cannady, supra* at 37.

 We find no plain error in this case. As noted above, on direct examination of Ms. Brown, defendant's counsel inquired into the substance of her conversation with the victim, and showed that the victim could speak clearly and dispassionately shortly after the attack. Defendant's counsel apparently intended this line of questioning to indicate to the jury that the victim had not in fact recently endured a brutal ordeal at the hands of the defendant. The prosecutor's question on cross-examination, to which defendant objects, was directed toward further illuminating the substance and circumstances of that conversation. The prosecutor sought to rebut the inference that the victim had not been raped by showing that Ms. Brown had purposefully given the young victim reason to trust and confide in her. The prosecutor's question thus remained "within the fair purview of direct examination," *State v. Cutts*, 600 S.W.2d 75, 76 (Mo.App.1980), and was permissible. Trial courts have traditionally been vested with broad discretion in determining the permissible extent of cross-examination. *State v. Kenner*, 648 S.W.2d 552, 554 (Mo.App.1983). That discretion was not abused in this case.

We note also that the question to which defendant objects did not specifically refer to the defendant as the person who sexually abused the witness's daughter. The prejudicial value of the question was thus significantly reduced. Furthermore, we are mindful of the rule that an error which in a close case might call for reversal may be disregarded as harmless if the evidence of guilt is strong. *State v. Turner*, 655 S.W.2d 710, 712 (Mo.App.1983). In the instant case, even disregarding any intimation that defendant had sexually abused his stepdaughter, the overwhelming weight of the evidence indicates that defendant committed the acts for which the jury convicted him. We thus hold that any error committed by the trial court in overruling defend-

ant's objection was harmless and does not mandate reversal.

Affirmed.

SIMON, P.J., and KELLY, J., concur.