STATE of Missouri, Plaintiff-Respondent,

v.

Anthony CURRY, Defendant-Appellant.

No. 50849.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied Sept. 16, 1986.

Henry B. Robertson, Holly Simons, Asst. Public Defenders, St. Louis, for defendant-appellant.

John Munson Morris, Kevin Bradley Behrndt, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant, Anthony Curry, appeals convictions by jury of one count of rape, § 566.030 RSMo Cum.Supp.1984 and one count of sodomy, § 566.060 RSMo Cum. Supp.1984. The judge sentenced defendant as a prior and persistent offender to two consecutive ninety-nine years terms in prison. Defendant claims two points of error on appeal: (1) that the trial court erred in finding defendant's statements of criminal involvement voluntary and thus admissible, and (2) that the trial court erred in admitting inflammatory photographs of complaining witness' injuries.

Curry spent the night of August 21, 1984 at Sylvia Welch's apartment. The following afternoon, Curry was alone when seven year old R.D. came over from a nearby apartment to find Sylvia. Curry invited R.D. into the apartment to wait for Sylvia's return. At this point, defendant forced the girl to have sexual intercourse with him. R.D. only remembers being choked and punched prior to becoming unconscious. After raping and sodomizing R.D defendant attempted to re-dress her and then led her into the hall. Later that afternoon, the semi-conscious girl was discovered in a vacant apartment next door. The police and an ambulance were called. Dr. Merritt examined R.D. upon her arrival at Children's Hospital. Dr. Merritt discovered extensive injuries to R.D.'s vagina and less severe injuries to her rectum. The doctor had to perform abdominal surgery to repair tears in the girl's abdomen as well as surgery to repair the vagina and rectum.

The police arrested Curry on August 29, 1984 around 5:00 p.m. After being read his *Miranda* rights, defendant denied any involvement. Later that evening R.D. identified Curry in a lineup. Police then booked and read defendant his rights again. Curry declined to make a statement at this time. The following day he was identified in a second lineup, and *upon his request,*

was allowed to remain in the interview room while warrants were issued. Later that afternoon, defendant told detectives that he wished to talk. The police read him his rights once more. At this time Curry confessed to assaulting R.D.

A person can waive fundamental constitutional rights, including the right against self-incrimination. *United States v. Oliver,* 525 F.2d 731, 734–35 (1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976). An effective waiver of constitutional rights must be voluntary, knowing, and intelligent. *Miranda v. Arizona,* 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966). Furthermore, the admissibility of incriminating statements obtained after a person in custody has decided initially to remain silent depends on whether his right to cut off questioning was scrupulously honored. *Michigan v. Mosley,* 423 U.S. 96, 104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975).

A review of the circumstances leading to Curry's confession reveals that he received the *Miranda* warnings at each interview. Once defendant declined to make a statement, no further questioning occurred at the time. After an accused invokes the right to remain silent, he is not precluded from changing his mind and making a statement. *State v. Harris,* 670 S.W.2d 526, 528 (Mo.App.1984). The police are not prohibited from inquiring into whether an accused has changed his mind. *Id.* Absent a showing of special circumstances, the state need only present a prima facie case of voluntariness of confession by showing that at all stages of interrogation the accused was advised of his constitutional rights and that no physical force, threats, or coercive tactics were used. *Id.* The facts in this case clearly support the trial judge's ruling that defendant's statements were voluntary and made after an informed waiver. If, as the evidence indicated, defendant requested isolation, he cannot now claim that detention in the interview room was coercive. Protective isolation, absent evidence of violence, threats, or repeated interrogations, is not an inherently coercive environment. In this instance, defendant was treated with respect and courtesy, and the only request he made while in custody was granted. Defendant's first claim of error is denied.

Defendant also claims that the admission of four photographs depicting R.D.'s injuries were inflammatory and unduly prejudicial. They were probative on the disputed issue of commission of the offenses charged. The photographs could be considered by the jury as proof of the charges of rape and sodomy.

Photographs are admissible if probative of any material fact. *State v. Stokes,* 638 S.W.2d 715, 723 (Mo. banc 1982). Photographs may be admitted into evidence to show the nature or location of wounds or to corroborate or refute testimony. *State v. Holtkamp,* 588 S.W.2d 183, 190 (Mo.App.1979). A photograph should not be rejected simply because it tends to be inflammatory. *State v. Sherrill,* 657 S.W.2d 731, 737 (Mo.App.1983). The trial court has broad discretion to determine admissibility of demonstrative evidence. *State v. Stephens,* 672 S.W.2d 714, 718 (Mo.App.1984).

The photographs challenged in this appeal are sensitive and graphic. But to find error in their admission requires this court to find an abuse of discretion. *State v. Sherrill,* 657 S.W.2d 731, 737 (Mo.App. 1983). Dr. Merritt's testimony concluded that the force of the physical attack on R.D. caused severe pain and unconsciousness. In order for the state to fill the evidentiary gap created by R.D.'s unconscious state, the prosecution offered the photographs of R.D.'s injuries into evidence. The trial judge admitted them for the purpose of illustrating the nature, location, and severity of the injuries. The jury did not consider the issue of punishment. Defendant was tried as a prior and persistent offender. The pictures could not have prejudiced the jury on that issue. We find no abuse of discretion in this decision.

Judgment affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.