**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Bradley ANDERSON,**
**Defendant–Appellant.**

**Bradley ANDERSON,**
**Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

Nos. 57206, 58268.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1990.

Tracy B. Zermam, Kathleen Green, St. Louis, Janet M. Thompson, Lew A. Kollias, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Bradley Anderson, appellant, appeals from his convictions for robbery in the first degree and armed criminal action, for which he received concurrent sentences of fifteen and five years, respectively. Appellant also appeals from the denial of his motion for post-conviction relief pursuant to Rule 29.15 without an evidentiary hearing.

The facts, stated in the light most favorable to the verdict, are as follows:

On February 8, 1988, Ron Machisen, a manager-in-training at Domino's Pizza, was working the 5:00 p.m. to 1:00 a.m. shift at the store located at Grand and Arsenal. Machisen had been told to close the books at the end of his shift. While Machisen dealt with the books another employee, Carlene Rodriguez, was cleaning the store.

Rodriguez told Machisen she heard a noise and he went to investigate. He looked through a peephole in the back door and saw someone fiddling with the lock.

When the door opened, through the use of a magnetic key, a man entered. Machisen grabbed the intruder's arm and the two wrestled to the ground. At that point, Machisen realized that the intruder had a knife. The intruder demanded money. He ordered Machisen and Rodriguez from the store while he stayed behind looking for money. On his way out, Machisen used the store phone to dial 911 and get help.

On March 2, 1988, Machisen and Rodriguez viewed a police line-up with four people in it. Both identified Larry Forister as the intruder. The police arrested Forister, who made a statement implicating "Russ" and "Brad", Domino's employees.

Russell Robinson was a driver at the Grand and Arsenal Domino's. Appellant was a manager-in-training at Domino's, and was a friend of Robinson's.

Robinson testified that, sometime in January 1988, he accompanied appellant when appellant deposited the day's receipts for Domino's. Appellant noted that it would be easy to rob someone who was making the night deposit. Robinson was returned to his car and invited appellant back to his house for a party. At the party, Robinson, appellant and Forister discussed and planned robbing a Domino's. Forister would be the actual robber, appellant would drive the getaway car, and Robinson would provide the alibi.

Appellant was arrested at his brother's home on March 3, 1988 at approximately 1:30 a.m. He was taken to the police station where he was handcuffed to a desk and interrogated about the robbery. Appellant, at that time, denied any involvement. The police told appellant what Forister said in his statement. Appellant then made a statement confessing his involvement in the robbery.

Appellant filed a motion to suppress his statement claiming that it was the product of physical coercion by the police. The trial court held a hearing on appellant's motion, but determined that the statement was given voluntarily and denied the motion.

Appellant was convicted on both counts and sentenced to fifteen years imprisonment to run concurrent with a twenty year sentence he received in Boone County. On December 28, 1989, appellant filed a *pro se* motion to vacate his judgment and sentence pursuant to Rule 29.15. Counsel was appointed and, on February 13, 1989, an unverified amended motion was filed. The motion court entered findings of fact and conclusions of law denying the motion, without an evidentiary hearing, on February 27, 1990.

■ In his first point, appellant argues that the trial court erred in denying his motion to suppress his confession and in allowing the confession to be admitted at trial because the statement was the result of physical coercion. He states that three police officers beat and slapped him about the face and head and that, as a result of this coercive behavior, he was forced into making incriminating statements.

The trial court held a hearing on appellant's motion to suppress. Officer Purvis testified that appellant was placed under arrest, advised of his rights and transported to the Third District Detective Bureau. He was then readvised of his rights and indicated that he understood them. When questioned about the robbery, appellant denied any involvement, but, after Forister's taped statement was played, appellant admitted he was the driver. Purvis further testified that no force or threatening behavior was used on appellant.

Douglas Anderson, appellant's brother, also testified. He stated that appellant looked fine when he was arrested at 1:30 a.m. on March 3, 1988, but that later that same day his face was bruised and his right eye had been blackened.

Susan Acton, appellant's parole officer, testified that appellant had a black eye four days after his arrest. She stated appellant told her the police had beaten him, but she could not recall if he said who had done it.

Appellant also testified at the hearing. He stated that his confession was based solely on the facts the police had given him because he did not know the details of the robbery. He told the trial judge that he ultimately made the confession because, when he denied involvement, one of the officers began to hit him on top of his head. A large policeman then hit appellant in the right eye. This started a scuffle which ended with appellant's chair falling over. A wrestling match started which lasted approximately five to ten minutes.

The trial judge found the police officer to be credible. He also found that appellant's statement was made voluntarily, after a knowing and voluntary waiver of his constitutional rights, and denied the motion to suppress.

■ A defendant is denied due process if his conviction is founded, in whole or in part, upon an involuntary confession. *State v. Lytle*, 715 S.W.2d 910, 915 (Mo. banc 1986). Once a defendant objects to the admission of a confession, there must be a clearcut determination, prior to admission, that the confession was, in fact, voluntary. *Id.* The state bears the burden of proving, by a preponderance of the evidence, that defendant gave his confession voluntarily. *State v. Brown*, 698 S.W.2d 9, 11 (Mo.App.1985). Where there is conflicting evidence regarding the voluntariness of a statement, the admissibility is a matter of trial court discretion, which is not lightly disturbed. *State v. Royal*, 610 S.W.2d 946, 949 (Mo. banc 1981). On appellate review, we are not confined to appellant's version of the facts; we affirm if the judgment is supported by substantial evidence. *State v. Boggs*, 634 S.W.2d 447, 453 (Mo. banc 1982).

■ The test of voluntariness of a confession is whether, under the totality of the circumstances, the defendant was deprived of the free choice to admit, deny, or refuse to answer questions and whether physical or psychological coercion was of such a degree that defendant's will was overborne. *State v. Moore*, 744 S.W.2d 479, 480 (Mo.App.1988). When considering the totality of the circumstances, no single fact is dispositive. *Lytle*, 715 S.W.2d at 915.

The trial court was presented with two conflicting versions: the police version and

appellant's version. The trial court, in its discretion, credited the police version. We agree.

Appellant's version of the events was not completely consistent. Moreover, despite the fact that appellant stated his confession was based only on the police account of what transpired during the robbery, appellant's confession was more detailed. He included Russell Robinson as an accomplice and the fact that Forister used a knife. He also stated that he only went along so that Bryan Sims, the Domino's Manager, would not be injured. On cross-examination, when asked where the additional information came from, he stated, "I really don't know. I just, the state of mind I was in, I was just writing whatever I could come up with. I was just writing." On redirect he testified that the police mentioned Robinson and Sims, but he could not remember if they told him about the knife.

Susan Acton's testimony was not compelling. She saw appellant four days after his arrest and did not say if she saw him before his arrest. Likewise, Douglas Anderson's testimony could be considered biased. Moreover, during trial, he stated that a picture of appellant taken just a few hours after his arrest showed appellant's black eye receding.

We find there is substantial evidence to support the trial court's ruling. Point I is denied.

In his second point on appeal, appellant presents two claims of ineffective assistance of post-conviction counsel: for filing an unverified amended petition, and for failing to include appellant's claim that trial counsel opened the door to the use of Larry Forister's statement at trial.

■ The purpose of post-conviction proceedings is to challenge the validity of a conviction and sentence. *Young v. State*, 770 S.W.2d 243, 245 (Mo. banc 1989). Post-conviction proceedings may not be used to challenge the effectiveness of counsel in the post-conviction proceedings. *Id.; Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989).

Appellant argues, however, that the Missouri Supreme Court overruled *Lingar* in *State v. Wheat*, 775 S.W.2d 155 (Mo. banc 1989). There, the Supreme Court decided that a claim of ineffective assistance of counsel cannot be raised on direct appeal; the exclusive forum for post-conviction relief is pursuant to Rule 29.15. *Id.* at 157–158. Appellant concludes that this means the post-conviction proceeding becomes a first appeal as of right and, therefore, he is due effective assistance of counsel during that phase.

This is not a case of first impression. Appellant overlooks *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), which was decided after *Wheat* and is consistent with *Lingar*. Moreover, the very argument appellant is making was addressed and rejected in *Crandall v. State*, 785 S.W.2d 780, 781–782 (Mo.App.1990). Recently, this court upheld the principle that post-conviction proceedings are not the proper forum for complaints about the effectiveness of post-conviction counsel. *McCabe v. State*, 792 S.W.2d 694, 695 (Mo.App.1990).

We, therefore, reject appellant's argument and decline to consider the effectiveness of post-conviction counsel. Point II is denied.

The judgment is affirmed.

REINHARD, P.J., and CRANE, J., concur.