**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Freddie MARTIN, Defendant/Appellant.**

**No. 58747.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 19, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Susan Woods, David C. Hemingway, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

CRANE, Judge.

Defendant Freddie Martin was convicted by a jury of one count of first degree robbery in violation of § 569.020 RSMo 1986 and one count of armed criminal action in violation of § 571.015 RSMo 1986. He was sentenced to concurrent sentences of ten and three years, respectively. On appeal he contends that the trial court erred in admitting his confession into evidence. We affirm.

The evidence adduced at the suppression hearing reveals that in the early morning of September 10, 1989, the Richmond

Heights police department received a call concerning a robbery of a pizza delivery man in Richmond Heights, Missouri. The victim was robbed of his money and two pizzas by two men, one of whom put him in a head hold and the other of whom held a tool or wrench.

During their investigation, police located two individuals eating pizza from the box bearing the address of the robbery. One of them subsequently identified defendant as the source of the pizza. In addition, a neighbor of the victim identified defendant's vacant car parked near the location where the pizza was found as one she had seen at the location of the robbery.

Defendant was apprehended when he returned for his car and was taken to the police station where he was booked by officer Dan Matthews. Officer Matthews advised defendant of his *Miranda* rights. Defendant refused to sign the waiver form or make a statement.

While defendant was being booked, the victim, who was also at the station, was shown a photo lineup and identified defendant as one of the men who had robbed him. About the same time that defendant refused to sign the *Miranda* form, the officer who had been with the victim came into the room where defendant was being held and stated that the victim had identified the defendant from a photo lineup as being involved in the robbery. Officer Matthews testified that he then told defendant, "I've got no further questions, nothing else I needed from him." He testified he also told defendant the officers would take him downstairs to his cell, pending warrant application, unless "you have a statement or something you want to tell me." Defendant stated that he wished to make a statement. Officer Matthews again advised defendant of his rights orally while defendant followed the written advise and waiver of rights form. Defendant then made both an oral and a handwritten statement. Officer Matthews testified that neither he nor the other officers present ever made any threats to defendant, raised their voices at him or promised him anything. Defendant did not ask for a lawyer.

Officer Matthews further testified that, at the beginning of the booking procedure, when defendant refused to make a statement, he was very passive and quiet and would not assist the officers in the booking procedure. After he was identified as being involved in the robbery, he became very cooperative, and, as a result, Officer Matthews removed his handcuffs and gave him coffee and had no problems with him.

Defendant filed a motion to suppress his statement, claiming that it was not voluntary. The trial court held a hearing on the motion and subsequently denied the motion. On appeal defendant asserts that the trial court erred in admitting his statement because it was taken in violation of his right against compelled self-incrimination in that the police officers "refused to respect [his] refusal to make a statement" and "persisted to question him about changing his mind after he had refused to make a statement." We disagree.

■ At a suppression hearing the state bears the burden of proving, by a preponderance of the evidence, that the defendant gave his confession voluntarily. *State v. Brown*, 698 S.W.2d 9, 11 (Mo.App. 1985). Where the evidence regarding the voluntariness of a statement conflicts, the admissibility of the statement is a matter of trial court discretion which is not lightly disturbed. *State v. Royal*, 610 S.W.2d 946, 949 (Mo. banc 1981). The weight of the evidence and the credibility of the witnesses are questions for the trial court's resolution. *State v. Boggs*, 634 S.W.2d 447, 453 (Mo. banc 1982). On review, we affirm if the judgment is supported by substantial evidence. *Id.; State v. Anderson*, 800 S.W.2d 465, 467 (Mo.App.1990). "The test of voluntariness of a confession is whether, under the totality of the circumstances, the defendant was deprived of the free choice to admit, deny or refuse to answer questions and whether physical or psychological coercion was of such a degree that defendant's will was overborne." *Anderson,* 800 S.W.2d at 467. In considering the totality of the circumstances, we do not treat any single fact as dispositive. *Id.*

The exercise of the right to remain silent is not a "per se proscription of indefinite duration," rather "the admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" *Michigan v. Mosley*, 423 U.S. 96, 102–104, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). After an accused has invoked his right to remain silent, he is not precluded from changing his mind and making a statement. Nor are the police prohibited from inquiring whether an accused has changed his mind. *State v. Harris*, 670 S.W.2d 526, 528 (Mo.App.1984); *State v. Curry*, 714 S.W.2d 798, 800 (Mo.App.1986).

In this case the police honored defendant's decision to cut off questioning. They told defendant they had no further questions and nothing else they needed from him. The police officer then made the declarative statement that defendant would be taken to a cell, pending warrant application, unless there was something else he wanted to say. This statement merely gave defendant an opening to say something if he had changed his mind. Defendant was not threatened or coerced. Defendant's statement was not produced by renewed or lengthy questioning, badgering, or persistent efforts to wear him down, but was prompted by the information that the victim had identified him. *Harris*, 670 S.W.2d at 529. The fact that the officers gave defendant an opening to make a statement within a minute of defendant's previous refusal to speak, rather than after time had passed, is not significant in this case because the intervening circumstance which prompted defendant's change of mind happened to occur immediately after his refusal. When defendant indicated he was then willing to make a statement, the officer readvised him of his *Miranda* rights, which he waived before he made his statement. There was substantial evidence to support the trial court's ruling. The trial court did not err in admitting defendant's confession.

The judgment of the trial court is affirmed.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.