STATE of Missouri, Respondent,

v.

John L. McWHORTER, Appellant.

No. WD 43986.

Missouri Court of Appeals,
Western District.

July 21, 1992.

Emmett Queener, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, John McWhorter, appeals from his judgment and sentence, after trial by jury, and from the denial, after evidentiary hearing, of his motion for post-conviction relief under Rule 29.15. McWhorter was convicted of one count of assault in the first degree, for which he was sentenced to life imprisonment, one count of armed criminal action, for which he was sentenced to fifty years, and one count of kidnapping, for which he was sentenced to fifteen years. McWhorter's sentences were ordered to run consecutively.

McWhorter does not challenge the sufficiency of the evidence. The record reflects that McWhorter participated in the kidnapping and shooting of the victim herein, James Harris.

In his first point on appeal, McWhorter argues that the trial court erred in denying his motion to suppress statements he gave to Deputy Sheriff Johnson. McWhorter argues that his statements were the product of physical and psychological coercion because he was kept in leg irons and denied medical treatment until he made statements incriminating himself. McWhorter further argues that he was not advised of his Miranda rights until after he made his statements.

■ When the admissibility of a defendant's confession, given while in custody, is initially challenged, the state bears the burden of proving, by a preponderance of the

evidence, compliance with the guidelines set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966) and that the confession was voluntary. *State v. Olds*, 569 S.W.2d 745, 751 (Mo. banc 1978). Whether a confession will be admitted lies in the discretion of the trial court and the issue on appeal is whether sufficient evidence exists to support the trial court's finding on the issue of voluntariness. *State v. Brown*, 698 S.W.2d 9, 11 (Mo.App.1985). If the evidence conflicts as to voluntariness, the trial court ruling will not be disturbed absent a showing of abuse of discretion, which will not be lightly disturbed. *State v. Jensen*, 621 S.W.2d 263, 264 (Mo.1981). If the judgment of the trial court on the voluntariness of a confession is supported by substantial evidence, it is to be affirmed. *State v. Anderson*, 800 S.W.2d 465, 467 (Mo.App.1990).

■ The test for determining the voluntariness of a confession is whether, under the totality of the circumstances, the defendant is deprived of a free choice to admit, to deny or to refuse to answer, and whether physical or psychological coercion was present to such a degree that the defendant's will was overborne at the time he confessed. *State v. Feltrop*, 803 S.W.2d 1, 12 (Mo. banc), cert. denied, — U.S. —, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). The defendant's age, experience, intelligence, gender, lack of education, and unusual susceptibility to coercion, infirmity, and the conditions of incarceration are among the factors that should be considered in determining whether a defendant's will was overcome. *State v. Lytle*, 715 S.W.2d 910, 915 (Mo. banc 1986).

■ The record reflects that McWhorter was kept in leg irons during his initial interrogation. McWhorter testified at the hearing on his motion to suppress that he was told by the sheriff that his leg irons would not be removed until he made a statement. The sheriff denied making any such comment to McWhorter. The sheriff explained that McWhorter was hard to find and that "[m]ost people that runs [sic] are in leg irons." Deputy Johnson, who was present when McWhorter made his statement, also denied that McWhorter was told

that he would not be released from leg irons until he made a statement.

In regard to McWhorter's claim that he was denied medical treatment, Deputy Johnson testified that at the time McWhorter made his statement, he complained of poison ivy and hay fever, but made no other medical complaints. Deputy Johnson testified that McWhorter "later" requested treatment for the ailment of which he complained and that treatment was provided the following day. Deputy Johnson denied that McWhorter was told that he would not be provided medical treatment until he made a statement.

The sheriff and Deputy Johnson both testified that no threats or promises were made to induce McWhorter to waive his rights. They both testified that McWhorter was alert, did not appear to be in any pain, and did not seem to be nervous or upset.

The record does reflect that McWhorter signed the Miranda waiver form after he wrote out his statement. However, both the sheriff and Deputy Johnson testified that McWhorter was given the Miranda warning both orally and in writing, prior to the time that he made his statement. At the beginning of his statement, McWhorter stated, "I understand my rights," which is supportive of the officers' testimony.

The trial court did not abuse its discretion by finding the officers' testimony more credible than McWhorter's. The trial court's finding that McWhorter's statement was voluntary was supported by substantial evidence.

McWhorter's first point is denied.

In his second point, McWhorter argues that the trial court abused its discretion by allowing redirect examination of Officer Christopher Weber that was beyond the scope of cross-examination.

The trial court has great discretion to determine the extent of redirect examination and will be reversed on appeal only upon a showing of both abuse of discretion and prejudiced to the defendant. *State. v. Westrich*, 800 S.W.2d 78, 81 (Mo. App.1990). It is proper on redirect exami-

nation to examine a witness on any matter which tends to refute, weaken or remove any unfavorable inferences resulting from testimony on cross-examination. *State v. Lingar*, 726 S.W.2d 728, 734 (Mo. banc 1987), *cert. denied* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987).

On direct examination, Officer Weber testified that he met the victim at the hospital and took possession of the victim's clothes and property. Officer Weber also testified that he observed puncture wounds on the victim's head, torso and hands. On cross-examination, Officer Weber was asked if the victim had said how many times he had been shot. Officer Weber said that the victim said he had been shot five times and there was no further cross-examination.

On re-direct examination, the State asked how many people the victim said were involved in the shooting. Over objection by McWhorter, as beyond the scope of re-direct examination, Officer Weber testified that the victim said there were three people involved in the shooting.

The victim had testified at trial that he had been shot eight times. The inquiry on cross examination tended to challenge the victim's trial testimony against what he had told Officer Weber. Therefore, it was proper for the state to be allowed to show that the victim had made other statements that were consistent with the evidence at trial. Moreover, regardless of whether or not this testimony was beyond the scope of re-direct, there clearly was no prejudice to appellant because there had already been evidence presented to show that there were three people involved in the shooting. Any error in the admission of testimony which is merely cumulative of other matters testified to by another witness without objection, is, of necessity harmless. *State v. Pruitt*, 756 S.W.2d 201, 203 (Mo.App.1988).

McWhorter's second point is denied.

In his third point, McWhorter argues that the trial court erred by failing to declare a mistrial when the prosecutor stated in front of the jury that a question

asked by McWhorter was inconsistent with a police report that was not in evidence.

A mistrial is a drastic remedy and in determining whether to grant a mistrial a trial court has broad discretion and will only be reversed for an abuse of that discretion. *State v. Lomax,* 712 S.W.2d 698, 699–700 (Mo.App.1986). The trial court is in the best position to determine what if any, impact is had on the jury. *Id.* A mistrial should only be granted when the incident is so grievous that prejudice to the defendant cannot be removed in any other way. *Id.* at 700.

During cross-examination of the victim, McWhorter asked, "Did you not tell Trooper Hunter that [a person other than McWhorter] shot you and left in your car?" The prosecutor then stated in the presence of the jury, "Your Honor, at this point I'm going to object to that last question. That's not what's in Trooper Hunter's report." McWhorter asked for a mistrial because the report referenced by the prosecutor was not in evidence. The trial court overruled the request for a mistrial, but instructed the jury to disregard the prosecutor's comment.

Trooper Hunter had earlier testified that the victim told him "that Tim Cox had shot him" and that Cox had left the scene in "his car." Trooper Hunter's report was never made a part of the record so we are unable to determine what the report might have contained.[1]

The prosecutor's statement could have resulted from confusion. The trial court was in the best position to determine the prosecutor's good faith or lack thereof in making his statement about a report that was not in evidence. Nonetheless, although improper, the prosecutor's statement does not reflect an incident so grievous that prejudice to the defendant cannot be removed in any manner other than by declaration of a mistrial. The trial court cannot be said to have abused its discretion in viewing the impact and denying McWhorter's request for a mistrial.

McWhorter's third point is denied.

In his fourth and final point, McWhorter challenges the denial of his Rule 29.15 Motion. In this point, McWhorter argues that the motion court erred in denying his motion because of ineffective assistance of counsel. McWhorter argues that trial counsel failed to investigate and call a potential defense witness, Frank Eberts.

In order to prevail on a claim of ineffective assistance of counsel, a movant must establish, by a preponderance of the evidence, (1) that his attorney's performance was deficient, i.e. that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that this deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is presumed to be competent and the defendant must overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065.

In order to demonstrate that defense counsel was ineffective in failing to call a witness to testify, the movant must first prove that his attorney's failure to call this witness was something other than reasonable trial strategy, *Terry v. State,* 770 S.W.2d 723, 724 (Mo.App.1989), and then must establish that the witness could have been located through reasonable investigation, that he would have testified if called, and that his testimony would have provided the accused with a viable defense. *State v. Twenter,* 818 S.W.2d 628, 639–640 (Mo. banc 1991).

In the case at bar, when McWhorter's trial counsel was called to testify in regard to his failure to call Eberts as a witness, McWhorter directed that counsel not testify based upon attorney-client privilege.

It is well settled that where a defendant files a post-conviction motion attacking the

1. The victim testified at trial that he told Trooper Hunter that Tim Cox shot him because Tim Cox was the only one of the three men he knew by name when he was questioned by Trooper Hunter.

effectiveness of his trial attorney, the attorney-client privilege is waived to the full extent necessary to resolve the issues raised by the motion. *Stuckey v. State,* 756 S.W.2d 587, 593 (Mo.App.1988). The trial court could have advised McWhorter that the privilege was waived and directed counsel to answer questions in regard to his failure to call Eberts. Nonetheless, by effectively blocking counsel's testimony in relation to his failure to call Eberts as a witness, McWhorter has waived his right to challenge counsel's trial strategy in this regard.

Judgments affirmed.

All concur.