**STATE of Missouri, Respondent,**

v.

**Ronald HUDSON, Defendant-Appellant.**

**No. 51536.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 17, 1987.

Motion for Rehearing and/or Transfer
Denied April 15, 1987.

Case Transferred to Supreme Court
May 19, 1987.

Case Retransferred to Court of
Appeals Sept. 29, 1987.

Original Opinion Reinstated Oct. 5, 1987.

James Stewart McKay, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Timothy Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from a judgment entered on a jury verdict which found him guilty of one count of stealing and one count of tampering in the first degree. Defendant was sentenced to a six year term of imprisonment on each count with sentences to be served concurrently. We affirm.

There are five crimes that are the subject of this appeal. The original indictment alleged the following four offenses: (I) attempted stealing of a motor vehicle; (II) stealing a motor vehicle; (III) stealing a motor vehicle; and (IV) tampering in the first degree. The state entered a memorandum of nolle prosequi as to the first count and the remaining three offenses were submitted to the jury as: (I) stealing a motor vehicle; (II) stealing a motor vehicle; and (III) tampering in the first degree. The jury found the defendant not guilty of the first count and guilty of the remaining two counts. The fifth crime is an alleged stealing of a motor vehicle which was not charged but allegedly confessed to by the defendant.

Appellant makes the following allegations of error on appeal: (1) The trial court abused its discretion in granting the state's motion to strike a venireperson for cause; (2) The trial court erred in admitting appellant's alleged confession of an uncharged automobile theft; and (3) The trial court erred in prohibiting appellant's cross-examination regarding the alleged attempted stealing of a motor vehicle.

Appellant contends in his first point the trial court erred in granting the state's motion to dismiss venireperson R. for cause in that R.'s responses did not indicate that he could not be a fair and impartial juror. He contends the effect of the trial court error was to give the state an additional peremptory challenge in violation of § 546.-180, RSMo 1986 [1] and to deprive appellant of his right to a full panel of qualified jurors.

The trial court has broad discretion in determining the qualifications of a venireperson. *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983). The trial court's decision will not be disturbed absent a clear abuse of discretion. Judicial discretion is abused only if reasonable minds could not differ as to the propriety of the trial court's action. *State v. Light*, 686 S.W.2d 538, 541 (Mo.App.1985). "[A] determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, and evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror." *Smith, supra.* The transcript indicates that venireperson R.'s responses were somewhat ambiguous and incoherent and that defense counsel conceded R.'s demeanor was "unusual." "Errors in the exclusion [of venirepersons] should be made on the side of caution." *State v. Wolff*, 701 S.W.2d 777, 778 (Mo.App.1985). Given the nature of R.'s responses and the "unusual" demeanor we do not find the trial court abused its discretion. Point denied.

Appellant contends in his second point the trial court erred in admitting appellant's alleged confession to stealing a motor vehicle. The alleged offense was not charged or part of the original indictment

previously referred to in this opinion. Appellant contends the confession was irrelevant and prejudicial and could easily have been excluded.

A written confession was admitted into evidence in which appellant allegedly confessed to the stealing of three vehicles. Appellant was charged for the stealing of two of those vehicles (counts I and II). Appellant objected to the introduction of the confession in its entirety and made no specific request of the court to blot out the third uncharged alleged offense, although he contends on appeal it could easily have been excluded. The issue is, therefore, whether the trial court erred in admitting the *whole* confession due to the reference to the alleged uncharged offense.

 Where a part of a writing is admissible and part not, an objection to the introduction of the whole writing is ineffectual and will be overruled. 23A C.J.S. *Criminal Law* § 1064 (1961). Appellant was entitled to have only the inadmissible portion, not the whole of it, excluded from consideration by the jury. *Id.; Cf. State v. Graham*, 641 S.W.2d 102, 107 (Mo. banc 1982) (where hospital record is qualified under the Business Records as Evidence Law, an objection going to the whole is properly overruled if any part of the record is admissible, however, objectionable portions may be excluded if proper specific objection is made).

Appellant failed to request that the offensive portion be blotted and chose instead to attack the entire confession on the basis of that portion. This contention is without merit and therefore denied.

Appellant contends in his final point the trial court erred in prohibiting cross-examination of the detective who allegedly took appellant's confession. Appellant contends he should have been allowed to question the detective regarding the attempted stealing charge the prosecution subsequently dropped because it could prove appellant did not attempt the alleged theft because appellant was in the police custody at the time the alleged attempt took place.

The state did not introduce any evidence of the alleged attempt to steal. When appellant attempted to question the detective on cross-examination about the alleged offense the state objected on the ground that appellant was attempting to offer evidence of another crime. The objection was sustained by the trial court.

"The extent of cross-examination rests largely in the discretion of the trial court and an appellate court will not interfere unless that discretion is abused." *State v. Dunn*, 577 S.W.2d 649, 653 (Mo. banc 1979). It is well established that evidence of other crimes is generally inadmissible. *State v. Bannister*, 680 S.W.2d 141, 146 (Mo. banc 1984). "The rule of exclusion applies to evidence that defendant 'has committed, or has been accused of, charged with, convicted of, or been definitely associated with, another crime or crimes.'" *State v. Witt*, 685 S.W.2d 266, 271 (Mo. App.1985) (quoting *State v. Jones*, 523 S.W.2d 152, 155 (Mo.App.1975).

The trial court was acting within its discretion in disallowing evidence of other crimes and thus, we find appellant's contention to be without merit. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.