**STATE of Missouri, Plaintiff–Respondent.**

v.

**George Henry BARTON, Defendant–Appellant.**

**No. 15517.**

Missouri Court of Appeals, Southern District, Division Two.

July 8, 1988.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jim Lynn, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of felony stealing and sentenced as a persistent offender to ten years' imprisonment. He presents two points on appeal.

Defendant was charged with taking items belonging to others from the trunk of their car on a parking lot in Big Spring National Park on July 19, 1986. He was there with his wife and infant child.

For his first point defendant states that the trial court erred in overruling his motion to suppress statements he made following his arrest and in admitting those statements at trial because they were coerced by threats from the arresting officers that if defendant did not cooperate his wife would be arrested and his child "taken away". Defendant and his wife testified to the threats. The arresting officers testified that none were made. The trial judge stated that he believed the officers and found that the statements were voluntarily made and not induced by threats or coercion.

■ When a criminal defendant contends that his statements are not admissible because they were involuntarily made, the state has the burden of proving the voluntariness of the statements. *State v. Stokes*, 710 S.W.2d 424, 428 (Mo.App.1986). Credibility of witnesses and conflicts in the evidence in determining if such statements are admissible are for the trial court. Id. On appeal the question is whether the evidence was sufficient to sustain the trial court's finding that the statements were voluntary. Id. at 428–429.

■ Where the voluntariness of a statement turns on the credibility of witnesses the trial court can accept the testimony of arresting officers and reject the testimony and evidence of the defendant. *State v. Diercks*, 674 S.W.2d 72, 78 (Mo.App.1984). The trial court was justified in finding that no threats were made and that the statements were voluntary. This point is denied.

■ Defendant contends in his remaining point that the trial court erred in denying his motion for a mistrial during the testimony of a conservation agent that on observing defendant he became suspicious of him due to his conduct and "problems we had had in that area". Defendant contends that this testimony created an inference that other incidents of criminal conduct had occurred there for which defendant was responsible.

Mistrial is a drastic remedy to be employed only where prejudice cannot be removed. *State v. Davis*, 653 S.W.2d 167, 176 (Mo. banc 1983). An appellate court will not interfere with a trial court's exercise of discretion to grant a mistrial absent a manifest abuse of that discretion and a real possibility of prejudice to the defendant. *State v. Cooper*, 708 S.W.2d 299, 304 (Mo.App.1986).

The "problems" in the area were not explained to the jury and there was no evidence or inference that defendant was related to any of those "problems". In

order to invoke the rule of exclusion of evidence of other crimes there must be evidence that the defendant committed, or has been accused of, charged with, convicted of, or definitely associated with another crime or crimes. *State v. Hudson,* 736 S.W.2d 56, 58 (Mo.App.1987); *State v. Silvers,* 735 S.W.2d 393, 397 (Mo.App.1987). As there was no such evidence here, this point has no merit.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.