Stanley LINGAR, Appellant,

v.

STATE of Missouri, Respondent.

No. 70932.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

Rehearing Denied April 18, 1989.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Justice.

Appellant Stanley Lingar filed a post-conviction motion under *Rule 27.26* seeking relief from a sentence and judgment of death for first degree murder which were affirmed on direct appeal. *State v. Lingar,* 726 S.W.2d 728 (Mo.banc 1987). An evidentiary hearing was conducted on appellant's multiple grounds of ineffective assistance of counsel. The court made and entered written findings of fact, conclusions of law, and entered judgment denying appellant's motion. Affirmed.

In *O'Neal v. State,* 766 S.W.2d 91 (Mo. banc 1989) (1989), the Court reviewed the rules applicable in determining claims asserting ineffective assistance of counsel. While easy to charge trial counsel with shortcomings, the courts have recognized that a criminal defendant shoulders a heavy burden because there is a presumption that counsel is competent and the allegation must be proved by a preponderance of the evidence. In so doing, the movant must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987), that the attorney's *performance* fell below acceptable standards and *prejudice* resulted. Appellate review of the trial court's ruling is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. *Rule 27.26(j); Futrell v. State,* 667 S.W.2d 404 (Mo. banc 1984).

Appellant's *pro se* motion and his attorney's amended motion, collectively, alleged ten grounds of alleged ineffective assistance of trial counsel. The court, following the evidentiary hearing, made findings of fact and conclusions of law adversely to appellant on all of the grounds. Only four of the grounds are preserved in this appeal. Consequently, the additional grounds alleged in the *pro se* motion and amended motion are deemed abandoned. *O'Neal v. State,* 766 S.W.2d at 91.

Appellant also attempts to level charges of ineffective assistance of counsel at his motion attorney, claiming that attorney failed to allege two additional grounds in

the amended motion and also failed to present evidence concerning one of the grounds asserted by appellant in his *pro se* motion.

■ A post-conviction proceeding authorized by the rules of this Court is directed to the validity of appellant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Usher v. State,* 741 S.W.2d 677 (Mo.App.1988).

■ The motion court concluded that trial attorney's cross-examination of the State's pathologist, the attorney's failure to object to certain prosecutorial argument, the attorney's decision to call witness Starkey, and the attorney's arguing that at most appellant was guilty of only second degree murder, all fell within the category of reasonable trial strategy and, in addition, no prejudice to appellant resulted. This Court, having carefully reviewed the applicable portions of the trial transcript and the evidentiary hearing transcript, finds itself in agreement with the hearing court's findings, conclusions and judgment.

JUDGMENT AFFIRMED.

All concur.