**John Michael NEWMAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15892.**

Missouri Court of Appeals, Southern District, Division Two.

May 25, 1989.

Motion for Rehearing or Transfer Denied June 16, 1989.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

A jury found John M. Newman (defendant) guilty of first-degree robbery, § 569.020, RSMo 1978, and armed criminal action, § 571.015, RSMo 1978. Defendant was found to be a persistent offender as defined by § 558.016, RSMo Supp.1983, and his punishment was assessed at 25 years for the crime of robbery and 25 years for the crime of armed criminal action. It was ordered that the sentences run concurrently. Upon direct appeal, this court affirmed the judgments of conviction. *State v. Newman,* 699 S.W.2d 29 (Mo.App.1985).

Thereafter the defendant filed an extensive motion for postconviction relief under the provisions of former Rule 27.26, now

repealed.[1] One of the defendant's pleaded grounds for relief—it appeared as ground (f)(14)—was that:

"(14) Defense counsel failed to interview and investigate five possible defense witnesses, Dr. Saylor, who could have testified that he treated [defendant] for a broken wrist about the time of the robbery.... Defense counsel was presented [this item] and refused to investigate or to call [this individual] as [a] possible [witness] at the trial."

After an evidentiary hearing the motion court denied relief and on appeal this court affirmed the motion court's finding except as to the allegation just noted. See *Newman v. State,* 751 S.W.2d 93, 99–100 (Mo. App.1988). Resolution of the allegation concerning a broken wrist required the motion court to determine whether the defendant had told his trial counsel about Saylor and the broken wrist. The factual question left pending was stated thus:

"[Defendant], as we have seen, maintains he told defense counsel about the broken wrist and Saylor. Defense counsel denied any discussion with appellant about a broken wrist or Saylor, thus defense counsel's failure to call Saylor as a witness at trial could not have been a strategic decision. If one believes defense counsel, appellant never mentioned the broken wrist or Saylor, thus there was no tactical decision for counsel to make. If one believes appellant, defense counsel knew of the broken wrist and Saylor, and failed to find out whether Saylor could supply favorable testimony.

In these circumstances, we have concluded that the motion court's denial of relief must be reversed so far as the issue regarding Saylor is concerned, and that the cause must be remanded to the motion court for a finding resolving the Saylor issue only. The finding is to be made on the evidence already presented, not on any further evidence. If the motion court finds that appellant failed to inform defense counsel about the alleged broken wrist and Saylor, the motion court shall deny relief. If the motion court finds that appellant did tell defense counsel of the alleged broken wrist and Saylor, the motion court shall determine whether defense counsel's failure to contact Saylor amounted to ineffective assistance.

As all other issues raised by appeal 15283 have been litigated in, and adjudicated by, the motion court, we shall address those not yet discussed, thereby leaving only the Saylor issue unresolved."

*Newman v. State,* 751 S.W.2d at 100.

It will be noted that the order entered amounted to a limited remand. The trial court was directed to decide a specific fact. Our review of this appeal therefore follows the rule stated in *Denny v. Guyton,* 331 Mo. 1115, 1129, 57 S.W.2d 415, 419 (banc 1932), cert. denied, 289 U.S. 738, 53 S.Ct. 657, 77 L.Ed. 1486 (1933):

"... Where a case is reversed and remanded with specific directions to try certain issues *only,* all other issues are determined on the first appeal. In general reversal and remand the court states a *rule* for further proceeding on the issues joined. Where the reversal is with specific directions as to certain issues, *other issues determined* are foreclosed to further inquiry." (Emphasis in original.)

Of course, in this case we ordered the motion court to decide a single issue on the evidence already presented, but the principle is the same. All we have to decide, or may decide, on this appeal is whether the trial court's finding on the single issue remanded is clearly erroneous. We bear in mind that in this case the credibility of the witnesses was a matter for the trial court's determination, *Hensley v. State,* 753 S.W.2d 88, 89 (Mo.App.1988); *Andrews v. State,* 607 S.W.2d 762, 764 (Mo.App.1980), and conflicts in the evidence were matters for the trial court to resolve. *State v.*

---

1. Rule 27.26 was repealed effective January 1, 1988. Inasmuch as the defendant's sentences were pronounced prior to January 1, 1988, and the defendant's motion under former Rule 27.26 was pending prior to January 1, 1988, this proceeding is governed by the principles of law applicable to former Rule 27.26. Rule 29.-15(m).

*Lytle,* 715 S.W.2d 910, 915 (Mo. banc 1986); *State v. Hitchcock,* 676 S.W.2d 538, 540 (Mo.App.1984).

While the evidence heard by the motion court might be reviewed at length, such a review would serve no useful purpose. In response to our mandate, the motion court found that the defendant did not inform defense counsel of the alleged broken wrist and the evidence did not show that the defendant's wrist was broken. The motion court also found that the defendant did not inform defense counsel that a chiropractor named Saylor could testify to his injuries. We have reviewed the transcript of the evidentiary hearing on the motion for a second time and have determined that the motion court's conclusions concerning Dr. Saylor and defendant's broken wrist are not clearly erroneous within the meaning of former Rule 27.26(j). The judgment is affirmed.

PREWITT, Acting P.J., and MAUS, J., concur.