**Louie Wesley CRANDALL,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16516.**

Missouri Court of Appeals,
Southern District,
Division One.

March 5, 1990.

Motion for Rehearing or Transfer
to Supreme Court Denied March 20, 1990.

Application to Transfer Denied
April 17, 1990.

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Crandall (hereafter referred to as "movant") was charged with and, upon a plea of guilty, convicted of assault in the second degree. § 565.060, RSMo 1986. Pursuant to a negotiated plea agreement, movant was sentenced to imprisonment for a term of five years. He is presently serving that sentence.

Movant filed a post-conviction motion to vacate, set aside, or correct his sentence as permitted by Rule 24.035. Counsel was appointed to represent him in that proceeding and, upon timely application by counsel, additional time was granted in which to file an amended motion. Thereafter, within the time in which movant had been allowed to file an amended motion, movant's appointed counsel filed a written motion to stay proceedings for the reason that no transcript of the guilty plea proceedings had been filed in movant's underlying criminal case. In the motion to stay proceedings, movant's appointed counsel stated that movant was challenging the voluntariness of the guilty plea and that counsel was unable to properly represent or advise movant without the transcript of the guilty plea proceedings.[1] The trial court granted the request by making a docket entry stating that movant was allowed "an additional period of 30 days from Jan 22 to file amended motion." No amended motion was filed.

On April 17, 1989, the trial court, by its docket entry, set the case for hearing on May 17, 1989. On May 17, 1989, neither movant nor his appointed counsel appeared. According to the docket entry of the trial court, and the findings of fact and conclusions of law which were subsequently filed, the state announced ready, evidence was presented, and the case was taken under advisement.

The trial court entered its findings of fact and conclusions of law on June 1, 1989, and, in accordance therewith, denied the relief requested by movant and dismissed

---

1. A copy of a "Transcript of Guilty Plea" from movant's underlying criminal case has been filed with this court. It bears the stamp of the Clerk of Jasper County Circuit Court showing the date filed as January 19, 1989.

the motion. Movant now appeals the dismissal of his Rule 24.035 motion.

As his basis for appeal, movant contends that he received ineffective assistance of counsel in the trial court proceedings on his Rule 24.035 motion. Movant complains that his counsel "abandoned" him by not filing an amended motion or appearing at the hearing on his post-conviction motion.

The point upon which movant relies in this appeal is not directed to the trial court's action on the Rule 24.035 motion. Rather, it is a complaint directed at the action (or lack of action) of movant's appointed counsel. Rule 24.035(j) limits appellate review to a determination of whether findings and conclusions of the trial court are clearly erroneous.[2] In *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989), the Supreme Court held that an appellant in a post-conviction proceeding cannot use that proceeding as a conduit to challenge the effectiveness of his trial counsel in the post-conviction proceeding.

Notwithstanding *Lingar*, movant urges this court to hold that he has a constitutional right to now raise the claim that he was denied effective assistance of counsel in his Rule 24.035 proceeding.

Movant bases his argument upon the fact that the Supreme Court decided *State v. Wheat*, 775 S.W.2d 155 (Mo. banc 1989), after that court decided *Lingar*. Wheat was found guilty of a felony following a jury trial and given a prison sentence. Wheat did not file a post-conviction motion as permitted by Rule 29.15.[3] However, as part of his direct appeal in his criminal case, Wheat raised the claim of ineffective assistance of counsel. The Supreme Court

denied that claim holding that a claim of ineffective assistance of counsel in a criminal case cannot be raised on direct appeal even if the appellate record is sufficient to review that claim. The court held in *Wheat* that the prescribed rule for post-conviction relief is the exclusive procedure for raising the issue of ineffective assistance of counsel.[4] *Id.* at 157–58.

Movant suggests that *Wheat* overrules the holding in *Lingar* as to the issue of whether ineffective assistance of counsel in a post-conviction motion proceeding can be raised in the appeal of that proceeding. Movant argues that since the only way ineffective assistance of counsel *in a criminal proceeding* can be raised is by means of a post-conviction motion, i.e., either a Rule 24.035 or Rule 29.15 proceeding, the post-conviction proceeding becomes the first appeal as of right *for a claim of ineffective assistance of counsel at a criminal trial.* Movant argues, therefore, that due process of law requires the petitioner in a post-conviction proceeding to have, in that proceeding, effective assistance of counsel, citing *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), and *Douglas v. California*, 372 U.S. 353, 357–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963).[5] Movant reasons that, after *Wheat*, the issue of ineffective assistance of counsel in a post-conviction motion may be raised in the appeal of a post-conviction proceeding.

Movant's argument is not applicable to this case. In this post-conviction proceeding, the movant complains on appeal that his trial counsel *in the post-conviction proceeding* was ineffective. *Lingar* holds

---

**2.** A similar limitation existed in Rule 27.26(j) (now repealed), the predecessor rule regarding post-conviction motions.

**3.** Rule 24.035 is the companion rule to Rule 29.15 in that Rule 24.035 prescribes the procedure for seeking post-conviction relief after a conviction based upon a plea of guilty, and Rule 29.15 prescribes the procedure for seeking post-conviction relief after a conviction following a trial.

**4.** Both Rule 24.035(a) and Rule 29.15(a) specify that they are, respectively, the exclusive proce-

dure to seek post-conviction relief by the persons to whom those rules apply.

**5.** *Evitts* and *Douglas* hold that indigent defendants in criminal cases have the right to appointed counsel in direct appeals of criminal convictions. Compare *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), which holds that the states have no obligation to provide counsel in a proceeding which collaterally attacks a criminal conviction that is also subject to direct appeal. *Finley* is discussed in *Rice v. State*, 779 S.W.2d 771, 774 (Mo.App. 1989).

that movant may not raise that complaint on appeal. That holding is unaffected by *Wheat.* There was no issue before the trial court about the effectiveness of trial counsel in the underlying criminal case. There is no such issue before this court.

A further review, gratuitously made, of the proceedings before the trial court reveals, as noted by movant's appointed counsel in the motion to stay proceedings, that movant had entered a plea of guilty in the underlying criminal case, and "[m]ovant is attempting to mount a post-conviction attack on the voluntariness of such plea." The trial court, in its written findings of fact and conclusions of law, found that the transcript of the guilty plea proceedings refutes the claim that movant's plea was involuntary. That determination is not clearly erroneous. Rule 24.035(j).

The judgment is affirmed.

CROW, P.J., and FLANIGAN, J., concur.