**Carl PARKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56327.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

garnished has not been deposited with the court,

Michael C. Todt, Marc B. Fried, St. Louis, John Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 (now repealed) motion without an evidentiary hearing. We reverse and remand.

Movant was convicted on July 11, 1986, of burglary in the first degree, kidnapping and two counts of attempted rape. Movant was sentenced to a total of eighty years' imprisonment. This conviction was affirmed on appeal in *State v. Parker*, 738 S.W.2d 566 (Mo.App.1987).

On December 28, 1987, movant filed a *pro se* motion pursuant to Rule 27.26 and also requested counsel be appointed. On March 4, 1988, the Office of the Special Public Defender was appointed to represent appellant. The minutes do not reflect any activity in movant's case until November 22, 1988, when the court, on its own motion, set a pre-hearing conference for December 9, 1988. At the pre-hearing conference, only the attorney for the State entered an appearance. At that time, the court gave notice of its intent to rule on movant's motion without an evidentiary hearing. On December 23, 1989, the State filed its motion to dismiss and filed its proposed findings of fact and conclusions of law. On January 20, 1989, the trial court denied movant's motion and adopted the State's proposed findings of fact and conclusions of law.

On February 6, 1989, movant filed a *pro se* Rule 75.01 motion to vacate and reinstate his post-conviction motion alleging he was denied aid and assistance of counsel in

is a final, appealable order.

his post-conviction motion and denied notice of the motion court's intention to rule on his motion without an evidentiary hearing. This motion was denied on the same date filed. On March 1, 1989, movant filed a notice of appeal.

Movant alleges the motion court erred in denying his Rule 27.26 motion. Although the Office of the Special Public Defender was appointed to his case, no attorney from that office filed an amended motion or entered an appearance on movant's behalf.

Rule 27.26(h) provides the following:

[W]hen an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner. Counsel shall be given a reasonable time to confer with the prisoner and to amend the motions filed hereunder if desired. Counsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof....

*Id.; see also Pool v. State*, 634 S.W.2d 564, 566[1–3] (Mo.App.1982).

A post-conviction proceeding is directed to the validity of movant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989). However, movant is not challenging the effectiveness of his post-conviction counsel, but rather he is alleging he received no assistance of counsel in violation of Rule 27.26(h).

The minutes of the proceeding reflect a special public defender was appointed by the court on March 4, 1988, to represent movant. However, the minutes do not reflect any counsel ever entered an appearance on movant's behalf. A special public defender filed movant's notice of appeal. In movant's Rule 75.01 motion, he alleged "[c]ounsel wrote [movant] a letter dated March 29, 1988, and stated, 'I will not work on your motion until you answer the question I propounded to you on March 14, 1988.'" This is the only showing in the record that movant was contacted by an attorney. Movant further alleged he wrote counsel twice requesting a personal interview; however, counsel never responded.

Rule 27.26(h) mandates counsel be appointed in every Rule 27.26 proceeding, even one initiated by a defective *pro se* motion, so that counsel may confer with the movant, examine his case, and present every possible claim in a single proceeding. *Hirsch v. State*, 698 S.W.2d 604, 605[1] (Mo.App.1985). Here, counsel was appointed but the record shows movant did not receive any participation of counsel required under Rule 27.26(h). *Id.* at [2–4]. There is insufficient showing of noncooperation on the part of movant.

It was error to dismiss movant's Rule 27.26 motion since movant received no representation after filing his *pro se* petition and his request counsel be appointed. We reverse and remand for further proceedings in compliance with Rule 27.26(h).

GARY M. GAERTNER, P.J., and REINHARD, J., concur.