James JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. 56359.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 11, 1990.

Application to Transfer Denied
June 19, 1990.

Michael C. Todt, Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 (now repealed) motion after an evidentiary hearing. We affirm.

Movant was convicted on March 13, 1974, of robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced on April 5, 1974, as a second offender, to twenty-five years' imprisonment. On January 20, 1978, movant filed a motion to vacate sentence pursuant to Rule 27.26. Movant complains about the delay in the processing of his Rule 27.26 motion. A chronological sequence of events may be helpful:

1–27–78—Court appoints attorney Rieke to represent movant.

4–28–78—Attorney Staples appointed to represent movant.

6–6–78—Attorney Staples withdraws; attorney Willis appointed to represent movant.

11–8–85—Attorney Fabbri sent letter to movant.

1–3–86—An affidavit in support of movant's motion filed.

5–19–86—Special Public Defender appointed to represent movant.

7–22–86—Court set postconviction hearing for August 29, 1986.

8–29–86—Special Public Defender withdraws; St. Louis Public Defender appointed to represent movant.

6–19–87—Amended Rule 27.26 motion filed alleging ineffective assistance of counsel and lack of due process; conference held—movant represented by counsel.

11–9–87—Office of Special Public Defender appointed to represent movant.

11–30–87—Attorney Todt of the Special Public Defender's Office appointed.

3–14–88—Letter from attorney Todt to movant filed.

4–26–88—Evidentiary hearing held; movant represented by attorney Todt.

Movant asserts his due process rights were violated by the failure of his numerous appointed attorneys to take action without delay in his original Rule 27.26 motion. The duties of an appointed counsel in a Rule 27.26 motion are outlined by that rule. Rule 27.26(h) states in part:

[C]ounsel shall have the duty to ascertain from the prisoner the facts supporting the grounds asserted in the motion and if those facts are not sufficiently stated in the motion, counsel shall file an amended motion. Counsel also shall ascertain from the prisoner whether he has included all grounds known to him as a basis for attacking the judgment and sentence and, if not, shall file an amended motion which also sufficiently alleges any additional grounds and the facts in support thereof....

An amended motion was filed by appointed counsel in accordance with Rule 27.26(h) and appointed counsel was present to represent movant at the evidentiary hearing. Movant's complaint is nothing more than an allegation he was denied effective assistance of postconviction counsel. Such an allegation is not cognizable in this proceeding. A postconviction proceeding is directed to the validity of movant's conviction and sentence and cannot be used as a conduit to challenge the alleged ineffectiveness of counsel in the postconviction proceeding. *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo.banc 1989). This point is denied.

Finally, movant asserts he was denied effective assistance of counsel in that his lawyer failed to conduct himself in a manner consistent with that of a reasonably competent attorney in that he failed to investigate and talk to witnesses and develop an alibi defense. Movant bore a heavy burden to show ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987). His trial lawyer was a witness at the evidentiary hearing. He testified he went to movant's home twice and talked to his mother, father, brothers and sisters, as well as other people within a two blocks radius. He attempted to contact or visited with all witnesses that he learned about or that were given to him by movant. He made a diligent effort to seek out the evidence that would be helpful to movant at his trial. Credibility of witnesses is a matter for the motion court's determination. *Richardson v. State*, 719 S.W.2d 912, 915[1] (Mo.App.1986). The motion court was not clearly erroneous in denying movant's motion.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.