STATE of Missouri, Respondent,

v.

Thomas Lowell BERRY, Appellant.

Thomas Lowell BERRY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 16520, 16916.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 1990.

Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found appellant Thomas Lowell Berry guilty of burglary in the second degree, § 569.170, RSMo 1986, and the trial court sentenced him as a persistent offender, § 558.016.3, RSMo 1986, to five years' imprisonment. Appellant brings appeal 16520 from that judgment and sentence.

Following the conviction, appellant commenced a proceeding under Rule 29.15[1] to vacate the conviction. The trial court entered judgment denying relief without an evidentiary hearing. Appellant brings appeal 16916 from that judgment.

The appeals are consolidated. Rule 29.-15(*l*). Appellant's brief displays the title and number of each appeal but contains only a single point relied on. The point pertains solely to the 29.15 proceeding, appeal 16916.

We address the appeals separately.

### Appeal 16520

■ Appellant assigns no error regarding the judgment and sentence from which appeal 16520 is taken. We find no reported case where that has occurred since inception of the procedure consolidating direct appeals with post-conviction appeals (Rule 29.15(*l*), effective January 1, 1988).

---

**1.** Rule references are to Missouri Rules of Criminal Procedure (20th ed. 1989), except where otherwise indicated.

In *State v. Kendrick,* 606 S.W.2d 643 (Mo.1980), the accused was convicted by a jury on two counts (V and VI). Later he (a) pled guilty to three other counts, and (b) was convicted in a nonjury trial of three additional counts. He filed a notice of appeal from the five counts on which he had been tried. His brief, however, contained no point relied on pertaining to the judgment on count V. The Supreme Court of Missouri held the appeal was abandoned as to that count. *Id.* at 644[1]. The judgment of conviction on that count was affirmed.[2]

As appellant presents no assignment of error regarding the judgment and sentence from which appeal 16520 is taken, we hold that appeal is abandoned. The judgment adjudicating appellant guilty of burglary in the second degree and imposing the five-year prison sentence is affirmed.

### Appeal 16916

Appellant's point relied on reads:

"The motion court clearly erred by overruling appellant's Rule 29.15 motion for postconviction relief without granting an evidentiary hearing because the proceedings in the motion court did not comply with the mandatory requirements of Rule 29.15(e) and Rule 29.15(g) in that appointed counsel did not ascertain all grounds that form a basis for attacking a movant's judgment and sentence and the facts in support thereof, failed to file an amended motion which sufficiently alleged those grounds, and did not request an evidentiary hearing, thus denying appellant any representation by counsel on his post-conviction action."

Appellant commenced the 29.15 proceeding by filing a pro se motion to vacate December 1, 1989. It was accompanied by a pauper's affidavit.

The motion court appointed the Public Defender to represent appellant. Special District Defender Dean Price filed an entry of appearance as counsel for appellant December 14, 1989.

The next activity of record was on February 15, 1990. The motion court reviewed the matter that date and noted that no amended motion had been timely filed per Rule 29.15(f) and no request for a hearing had been timely made per Rule 29.15(g). The motion court determined that the pro se motion would be adjudicated without an evidentiary hearing.

On February 26, 1990, the motion court entered judgment denying relief, accompanied by findings of fact and conclusions of law.

Rule 29.15(e) cited in appellant's point relied on reads:

"... Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds...."

Appellant maintains the record demonstrates lawyer Price failed to perform those duties and to request an evidentiary hearing within the time allowed by Rule 29.15(g). According to appellant, Price's "inaction constituted a complete failure to supply legal services and deprived appellant of any opportunity to fully and fairly litigate his claims for postconviction relief." Appellant prays that we reverse the motion court's judgment and remand the 29.15 pro-

---

**2.** The Supreme Court of Missouri reversed the judgment on the other four counts appealed from, for reasons immaterial here. The Supreme Court of the United States granted certiorari, vacated the judgment, and remanded the case to the Supreme Court of Missouri for further consideration. *Missouri v. Kendrick,* 451 U.S. 1013, 101 S.Ct. 3000, 69 L.Ed.2d 385 (1981). The Supreme Court of Missouri approved and affirmed its original opinion. *State v. Kendrick,* 619 S.W.2d 61 (Mo. banc 1981). The Supreme Court of the United States again granted certiorari, vacated the judgment, and remanded the case to the Supreme Court of Missouri for further consideration. *Missouri v. Kendrick,* 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983). On March 21, 1984, the Supreme Court of Missouri in an unreported order bearing the number of the first and second appeals (61936) issued a new mandate affirming the trial court's judgment in all respects.

ceeding with directions that new counsel be appointed to represent him in compliance with Rule 29.15(e).

█ Appellate review of the motion court's judgment is limited to a determination of whether the findings and conclusions of that court are clearly erroneous. Rule 29.15(j); *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990). Appellant's point relied on fails to challenge any finding of fact or conclusion of law by the motion court.

█ Additionally, nothing in the record shows that appellant's complaints about lawyer Price were asserted in the motion court. Claims not raised in the motion court cannot be reviewed on appeal. *Young v. State*, 770 S.W.2d 243, 245[3] (Mo. banc 1989); *Bockover v. State*, 794 S.W.2d 334, 339[5] (Mo.App.1990).

█ Furthermore, a post-conviction proceeding authorized by rules of the Supreme Court of Missouri is directed to the validity of the prisoner's conviction and sentence, and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Young*, 770 S.W.2d at 245[4]; *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

Appellant directs us to *Parker v. State*, 785 S.W.2d 313 (Mo.App.1990). There counsel was appointed for an indigent prisoner in a post-conviction proceeding under former Rule 27.26 (now repealed) and, according to the record, did nothing thereafter. The circuit court ultimately denied relief without an evidentiary hearing. The Eastern District of this Court held this was error inasmuch as the prisoner received no representation after filing his pro se motion and requesting appointed counsel. *Id.* at 314. The opinion acknowledged *Lingar's* holding that a post-conviction proceeding cannot be used as a means of challenging the effectiveness of counsel in the post-conviction proceeding. However, said the Eastern District, the prisoner in *Parker* was not challenging the effectiveness of his post-conviction lawyer, instead he was

alleging he received no assistance of counsel at all. *Id.* at 314.

In the instant case appellant avers, "The records of the proceedings in the [motion court] verify that counsel provided no representation for appellant in his Rule 29.15 proceeding." Consequently, says appellant, he is entitled to reversal of the 29.15 judgment, appointment of new counsel, and a fresh period for filing an amended motion to vacate.

█ In weighing appellant's argument we note that nowhere in his brief is there any averment that there was a ground for relief available to him that did not appear in the pro se motion but could have been asserted in an amended motion. The extraordinary relief of reversal because of appointed counsel's failure to amend a prisoner's pro se motion to vacate his conviction is not warranted unless the record indicates the prisoner had a justiciable claim that appointed counsel failed to present. *Luster v. State*, 785 S.W.2d 103, 107[9] (Mo.App.1990); *State v. Perez*, 768 S.W.2d 224, 228[3] (Mo.App.1989). The prisoner's brief must specify the additional grounds that counsel neglected to raise. *Luster*, 785 S.W.2d at 107[10]; *Grove v. State*, 772 S.W.2d 390, 392–93[1] (Mo.App. 1989). As there is no indication in the instant case that appellant had a justiciable claim for post-conviction relief which could have been pled in an amended 29.15 motion, lawyer Price's failure to file one does not require reversal.

We next consider whether lawyer Price's failure to request an evidentiary hearing warrants reversal.

The grounds for relief in appellant's 29.15 motion are grouped in three categories. The first is that appellant received ineffective assistance from the lawyer who represented him at trial ("defense counsel"). Appellant complains defense counsel failed to inform him there was a "time limit" in which to present motions to the trial court, and that as a result certain motions appellant filed the morning of trial were denied.

The record of the jury trial shows appellant filed pro se motions for (1) change of

judge, (2) continuance, (3) dismissal of defense counsel, and (4) appointment of a new public defender. All were summarily denied. Additionally, defense counsel stated appellant had requested that counsel attempt to get a change of venue but counsel thought it would be pointless so he did not do so.

The denial of motions 2, 3 and 4 could have been assigned as error in appeal 16520; however, that was not done.

As to the motion for change of judge and appellant's desire for a change of venue, we point out that to prevail on a claim of ineffective assistance of counsel a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The prisoner must satisfy both requirements; if he fails to satisfy one, the other need not be considered. *Id.*

To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *Batson v. State*, 774 S.W.2d 882, 885–86[4] (Mo.App.1989); *Mannon v. State*, 727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State*, 680 S.W.2d 278, 281[3] (Mo.App. 1984).

There is no allegation in appellant's 29.15 motion that he was prejudiced by the denial of his motion for change of judge or by defense counsel's failure to request a change of venue. We have examined the transcript of the trial and have found no hint of bias against appellant by the trial judge. There was inferably no difficulty in obtaining a fair and impartial jury in the county where the case was tried, as the motion for new trial assigns no error regarding jury selection and the voir dire is omitted from the transcript.

Appellant's 29.15 motion also alleges defense counsel "had been out of town" and consequently unable to see appellant "to discuss possible defenses." However, the motion fails to allege what defenses might have been available or what evidence might have been adduced to support them.

We hold that none of the allegations of ineffective assistance of defense counsel in appellant's 29.15 motion state facts which, if true, would warrant relief. Consequently, no evidentiary hearing was required on those allegations and lawyer Price's failure to request one did not prejudice appellant.

The second category of grounds for relief in appellant's 29.15 motion is characterized as a denial of equal protection of the law, and is based on the following circumstances.

Appellant's trial was originally scheduled to commence a week earlier than it ultimately did. On the original trial date the prosecutor requested a continuance because he had discovered appellant was not Tim Barry—the name appellant used when arrested and thereafter—but was in fact Thomas L. Berry. The prosecutor wanted time to confirm the identification and determine whether appellant had a criminal record. The trial court granted the continuance.

After appellant had been escorted back to jail the trial court had the venire brought into the courtroom. The trial court announced that the defendant in the case scheduled for trial was apparently not the person he said he was so the State had been granted a continuance until the defendant's name could be determined. The trial court then released the venire.

After they departed, defense counsel moved to quash the venire. The trial court denied the motion, pointing out that the venire did not know which case had been scheduled, the venire had not seen appellant, and the trial court had mentioned no name.

Appellant's 29.15 motion avers the prosecutor mentioned during opening statement that appellant had given the arresting officer false information regarding his identi-

ty.[3] The officer testified that when appellant was arrested he "identified himself as Tim Barry."

Appellant's 29.15 motion avers there was no need to inform the jury he had given the officer a false name. Additionally, the motion alleges the jurors would have recalled the aborted trial a week earlier and deduced he was the defendant to whom the trial court had referred in its remarks to the venire at that time.

■■■■ These complaints are obviously allegations of trial error. Mere trial errors are to be corrected by direct appeal. *Coney v. State*, 491 S.W.2d 501, 506[2] (Mo. 1973); *Gilmore v. State*, 741 S.W.2d 704, 707[8] (Mo.App.1987). Consequently, lawyer Price's failure to request an evidentiary hearing in the motion court did not prejudice appellant, as the motion court was not the forum to consider these allegations.

Appellant's brief asserts, however, that lawyer Price could have put these complaints "in [an] understandable format" and could have alleged that defense counsel rendered ineffective assistance "for failing to object at trial."

■■■■ If appellant thinks the arresting officer's testimony that appellant gave a false name was inadmissible, he is mistaken. Giving a false name to an arresting officer is relevant to show consciousness of guilt. *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981). Counsel for an accused has no duty to object to admissible evidence, and failure to do so does not constitute ineffective assistance warranting post-conviction relief. *Newman v. State*, 751 S.W.2d 93, 96[3] (Mo.App.1988), *appeal after remand*, 771 S.W.2d 871 (Mo.App.1989); *Parcel v. State*, 687 S.W.2d 621, 624[3] (Mo.App.1985).

■■■■ If appellant's theory is that defense counsel was derelict in failing to move to quash the venire at the beginning

of trial, we point out that when the trial court released the venire on the original trial date the court did not order the venire to return on any specific date to try the scheduled case (or any other case). The venire was told nothing from which it could have reasonably inferred later that appellant was the defendant in the case that had to be continued. The venire did not know which case had been scheduled on the original date, the venire was not in the courtroom when defendant was present that date, and the trial court mentioned no name.

The record thus refutes any claim of ineffective assistance of counsel regarding this incident. That being so, lawyer Price's failure to request an evidentiary hearing in the motion court did not prejudice appellant insofar as the second category of grounds for relief in the 29.15 motion is concerned.

■■■■ The final category of grounds for relief in the 29.15 motion is characterized as a denial of due process of law. It consists solely of a copy of the assignments of error in appellant's motion for new trial. None of those assignments was briefed in appeal 16520.[4] They are therefore abandoned. *State v. Raspberry*, 452 S.W.2d 169, 173–74[12] (Mo.1970). Consequently, lawyer Price's failure to request an evidentiary hearing in the motion court did not prejudice appellant insofar as the third category of grounds for relief in the 29.15 motion is concerned.

Having determined appellant suffered no prejudice from the failure of lawyer Price to ask the motion court for an evidentiary hearing, and having earlier determined that reversal was not warranted because lawyer Price failed to file an amended motion to vacate, we need not decide whether a judgment denying relief in a 29.15 proceeding may be reversed where the record shows no activity by counsel appointed to represent the prisoner.

---

3. The trial transcript does not confirm this, as it omits opening statements.

4. The lawyer representing appellant in both appeals here is neither defense counsel nor lawyer Price.

Appellant's point relied on is denied and the judgment of the motion court is affirmed.

MAUS, P.J., and PREWITT, J., concur.