George Henry BARTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 17014.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 28, 1991.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Movant George Henry Barton appeals from the denial, without an evidentiary hearing, of his pro se motion per Rule 29.15, Missouri Rules of Criminal Procedure (19th ed. 1988), to vacate his conviction of felony stealing and ten-year prison sentence. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Barton*, 753 S.W.2d 331 (Mo.App. 1988).

Movant's brief presents three assignments of error. We consider them in the order presented.

The first alleges the pro se motion pled facts which, if proved, would warrant relief, consequently the motion court erred in holding no evidentiary hearing. Specifically, says movant, his motion alleged he received ineffective assistance of counsel in that "defense counsel failed to contact, investigate and call witnesses and ... defense counsel provided incriminating information to the State."

The allegations of the pro se motion to which movant's first point refers are:

"(b) [Defense counsel] did not call witnesses that I requested him to; Cody Ice, my Bondsman, on a motion and a witness, Brad Conway.

. . . .

(e) I believed at the time of my trial and I believe now that [defense counsel] gave information to Bradshaw Smith (Prosecuting Attorney) that helped convict me."

To be entitled to an evidentiary hearing on the issue of ineffectiveness of counsel, a prisoner seeking relief under Rule 29.15 must plead facts, not conclusions, which if true would warrant relief; those allegations must be unrefuted by the record; and the matters complained of must have resulted in prejudice to the prisoner. *State v. Berry*, 798 S.W.2d 491, 496[9] (Mo.App.1990); *State v. Fraction*, 782 S.W.2d 764, 769 (Mo.App.1989). Where a prisoner's motion for post-conviction relief avers his lawyer rendered ineffective assistance by failing to present a witness at trial, the motion must state the facts to which the unproduced witness would have testified; if the motion fails to do so the prisoner is not entitled to an evidentiary hearing. *Mathenia v. State*, 752 S.W.2d 873, 876[4] (Mo.App.1988), *cert. denied*, 488

U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 809 (1989); *Ahart v. State*, 732 S.W.2d 256, 257–58[3] (Mo.App.1987); *Sinclair v. State*, 708 S.W.2d 333, 336[4] (Mo.App.1986).

Movant's motion did not set forth what the testimony of witnesses Ice or Conway would have been. Consequently, movant was not entitled to an evidentiary hearing regarding defense counsel's alleged failure to call those witnesses.

Movant's motion is likewise deficient regarding defense counsel's alleged disclosure of incriminatory information to the prosecutor. The motion contains no hint as to what the information was, nor does the motion allege how the prosecutor used the information to convict movant. Mere conclusional allegations setting forth no facts which, if true, would warrant relief do not entitle the prisoner to an evidentiary hearing. *State v. Lillibridge*, 399 S.W.2d 25, 28[2] (Mo.1966), *cert. denied*, 384 U.S. 956, 86 S.Ct. 1579, 16 L.Ed.2d 551 (1966); *State v. Statler*, 383 S.W.2d 534, 537[2] (Mo.1964); *Luster v. State*, 795 S.W.2d 109, 111 (Mo.App.1990). Movant's first point is without merit.

His second point avers the motion court erred in denying the pro se motion without an evidentiary hearing in that the record shows he received ineffective assistance of counsel in the motion court. Movant asserts, "Motion counsel failed to comply with ... Rule 29.15 when counsel did not attempt to file an amended motion on [movant's] behalf when the record of [movant's] criminal trial clearly shows the existence of at least one meritorious allegation concerning the trial court's jurisdiction."

Movant acknowledges the Supreme Court of Missouri has held a post-conviction proceeding cannot be utilized to challenge the effectiveness of counsel in the post-conviction proceeding. *Sloan v. State*, 779 S.W.2d 580, 583[6] (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990); *Young v. State*, 770 S.W.2d 243, 245[4] (Mo. banc 1989); *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989), *cert. denied*, ——

U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

Movant points out, however, that cases decided by the Court of Appeals since *Sloan, Young* and *Lingar* have held that where counsel for a prisoner in a post-conviction proceeding provides no representation whatever, a judgment denying relief can be reversed and the proceeding remanded so the prisoner can receive assistance of counsel. *Parker v. State*, 785 S.W.2d 313 (Mo.App.1990); *Luster v. State*, 785 S.W.2d 103 (Mo.App.1990) (prisoner entitled to new appointed counsel and fresh period for filing amended motion to vacate).

■ At the same time, movant recognizes the Court of Appeals has held the extraordinary relief of reversal because of appointed counsel's failure to amend a prisoner's pro se motion to vacate his conviction is not warranted unless the record indicates he had a justiciable claim that appointed counsel failed to present. *Luster*, 785 S.W.2d at 107[9]; *State v. Perez*, 768 S.W.2d 224, 228[3] (Mo.App.1989). The prisoner's brief must specify the additional grounds that counsel neglected to raise. *Luster*, 785 S.W.2d at 107[10]; *Grove v. State*, 772 S.W.2d 390, 392–93[1] (Mo.App. 1989).

Movant's brief asserts there was at least one possible ground for relief that should have been alleged by motion counsel in an amended motion to vacate. Movant directs us to the following events.[1]

He was brought to Carter County, Missouri, from the Federal Prison Camp, Leavenworth, Kansas, on March 16, 1987, for trial in the stealing case per the Agreement on Detainers, § 217.490, RSMo 1986. He was not tried until August 7, 1987.

Article IV of the Agreement sets forth the procedure for a Missouri prosecutor to follow in obtaining a prisoner from United States custody for trial. Section 3 of Article IV states:

"In respect of any proceeding made possible by this article, trial shall be com-

---

1. The events are documented primarily in a "Supplemental Postconviction Legal File" ten-

dered by movant. His motion for leave to file it was taken with the case. We grant the motion.

menced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

Movant says the period between his arrival in Missouri and his trial was 155 days. We compute 144, counting the day of trial. In either event the delay exceeded the 120–day period specified in Art. IV, § 3 (above). Citing Art. IV, § 5 of the Agreement, movant maintains that because he was not tried within 120 days the information was without "any further force or effect" and the trial court should have entered an order dismissing it with prejudice.

The following facts are pertinent to movant's contention.

The stealing case was received in Howell County from Carter County on change of venue May 27, 1987.[2] On the day it was received it was set for trial June 8, 1987, by the assigned judge, The Honorable Donald E. Lamb.

On June 2, 1987, six days before the scheduled trial, movant's lawyer filed a "Motion for Continuance and Motion to Withdraw." It read:

"Comes now the defendant, George Henry Barton, by his attorney, Peter H. Rea, and respectfully moves the Court for a continuance from the trial setting of June 8, 1987, before Judge Donald Lamb, and respectfully moves the Court further for leave to withdraw due to difficulties with client communication."

On June 22, 1987, the Carter County prosecutor sent a letter to Judge Lamb. It read, in pertinent part:

"This letter will confirm that the following dates have been set by agreement: Pre-trial motions are to be heard on July 30, at 10:00 a.m., in your chambers in Centerville.

Trial has been set for August 7 at 9:00 a.m. in West Plains...."

The prosecutor sent a copy of the letter to a public defender who had evidently replaced lawyer Rea as movant's counsel.

On July 30, 1987, movant, the public defender, and the prosecutor appeared before Judge Lamb for the scheduled hearing. At the outset Judge Lamb reminded the parties trial was set August 7, 1987. Neither movant nor his lawyer mentioned the delay between movant's return to Missouri and the scheduled trial date, nor did either of them dispute the statement in the prosecutor's letter of June 22 that the trial date had been set by agreement. Two motions filed by movant were ruled on by Judge Lamb at the July 30 hearing. Neither is pertinent to the instant appeal.

Trial was held as scheduled August 7, 1987.

Movant maintains in this appeal that because the record in the stealing case fails to demonstrate the trial court granted the June 2, 1987, request for continuance "for any cause shown or that such request was granted in a formal proceeding in open court," the 120–day time limit of Art. IV, § 3 of the Agreement on Detainers was not tolled. Consequently, says movant, the trial court lost jurisdiction to convict and sentence him.

We disagree. In *State v. Smith*, 686 S.W.2d 543, 547[8] (Mo.App.1985), a case involving the Agreement on Detainers, this Court noted:

"It is generally held that any delay of a prisoner's trial which results from his affirmative action or agreement is not to be included in the period of limitation."

The opinion in *Smith* pointed out that in *State v. Sallee*, 624 S.W.2d 184 (Mo.App. 1981), another case involving the Agreement on Detainers, this Court excluded the delay resulting from a continuance granted at the request of the defendant's lawyer, even though the request was oral and not made in open court. *Smith*, 686 S.W.2d at 547–48.

**2.** Movant filed a motion in this Court to transfer the record on appeal in the stealing case (*Barton*, 753 S.W.2d 331) to the instant appeal. We took the motion with the case. We grant the motion. The history of the stealing case is taken from the appellate record in that case.

In *Sallee* this Court cited with approval the holding in *State v. Carlson*, 258 N.W.2d 253 (N.D.1977), that a defendant may not have things both ways, i.e., he may not have the benefit of a delay granted upon oral request by his lawyer and then turn about and charge the State with such delay. *Sallee*, 624 S.W.2d at 186.

■ In movant's case the motion for continuance was in writing and based on lawyer Rea's request for leave to withdraw as movant's counsel. Rea obviously withdrew, as movant was thereafter represented by the public defender. The delay from the original trial setting (June 8, 1987) to the new setting (August 7, 1987) was reasonable considering the public defender had to put the case in his schedule and prepare for trial. The August 7 setting was arrived at by agreement, and the record is bare of any showing by movant or the public defender that they could have gone to trial any earlier. Indeed, movant alleged in his pro se motion that he was not allowed time to retain his own lawyer and was forced to proceed with the public defender.

The prosecutor never sought a delay of movant's trial. The original trial date, June 8, 1987, was day number 84 following movant's return to Missouri, well within the 120–day requirement. The prosecutor could do nothing about lawyer Rea's departure from the case or the delay it caused. Applying *Smith* and *Sallee*, we hold there was no violation of Art. IV, § 3 of the Agreement on Detainers in trying movant August 7, 1987.

■ We therefore reject movant's contention that the record indicates he had a justiciable claim for relief that motion counsel should have raised in an amended motion to vacate. Consequently, motion counsel's failure to amend movant's pro se motion does not entitle movant to reversal under *Luster*, 785 S.W.2d at 107[9], or *Perez*, 768 S.W.2d at 228[3]. Movant's second point is denied.

■ Movant's final point asserts the motion court erred in failing to enter specific and complete findings of fact and conclusions of law on all issues presented, as required by Rule 29.15(i), hence we should reverse the denial of relief and remand the cause to the motion court for compliance with that requirement.

We agree with movant that the motion court's findings are deficient under the standards of *Holloway v. State*, 764 S.W.2d 163, 164–65 (Mo.App.1989). However, there is no need to remand for findings and conclusions if the record allows this Court to determine the correctness of the motion court's action. *Robinson v. State*, 785 S.W.2d 323, 324[4] (Mo.App. 1990); *Guyton v. State*, 752 S.W.2d 390, 391–92[2] (Mo.App.1988).

Movant's pro se motion contains five "grounds" for relief. Two of them—"(b)" and "(e)"—are quoted in the fourth paragraph of this opinion. In rejecting movant's first point we held neither of those grounds pled facts warranting an evidentiary hearing. That is equally true of the other three grounds. All are conclusional and fail to set forth any facts which, if true, would warrant relief. We therefore need no additional findings of fact or conclusions of law from the motion court to determine that it did not err in denying relief without an evidentiary hearing.

Movant's third point is denied and the order of the motion court is affirmed.

MAUS, P.J., and PREWITT, J., concur.