STATE of Missouri, Respondent,

v.

Keith FLOYD, Appellant.

No. WD 44996.

Missouri Court of Appeals,
Western District.

Sept. 8, 1992.

Emmett D. Queener, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Keith Floyd, appeals from his conviction of stealing, challenging the admission, at trial, of his statements to the police.

The record reflects that in the early morning hours of November 23, 1991, a man by the name of Alan Lambert came across a burning car on Highway 50 just outside of Jefferson City, Missouri. Lambert stopped to lend assistance. Lambert did not observe anyone in the vicinity of the fire, but as he returned to his vehicle Floyd called out to him. Lambert gave Floyd a ride to Lambert's place of employment, Menu Maker Foods. Floyd smelled of fire smoke and told Lambert that it was his car that was burning.

A deputy sheriff came to Menu Maker Foods to investigate the fire. Floyd told the deputy that he did not own the car but that he had been test driving the car for his

girlfriend when it caught fire. Floyd then voluntarily accompanied the deputy back to the Sheriff's office to "straighten this out."

Upon arriving at the sheriff's office, the deputy did a computer search on the license of the car in question and learned that it was registered to a Neil Group. Group was contacted and Group stated that his car was missing from where he had parked it the night before and that he had not given anyone permission to drive it. Upon being so advised by Group, the deputy again asked Floyd how he came into possession of the car and when Floyd's response was evasive and unconvincing, the deputy placed Floyd under arrest. Floyd was then advised of his Miranda Rights. Floyd waived his Miranda Rights and gave another statement in which he admitted that he had been driving the car and stated that it had overheated and caught fire.

Floyd filed a motion to suppress his statements. A hearing was had on Floyd's motion, prior to trial, and his motion was denied.

On appeal, Floyd argues that the trial court erred in denying his motion to suppress because he was not advised of his Miranda Rights after being taken into custody and because his statements were not voluntary due to his intoxication.

■ An appellant bears the burden of insuring that the appellate record contains all the evidence and proceedings necessary for resolution of the questions presented. *State v. Sumowski*, 794 S.W.2d 643, 646 (Mo.banc 1990). When a complete record is not provided, an appellate court has nothing upon which to base its decision and nothing to decide. *State v. Davis (Sherdel)*, 830 S.W.2d 469 (E.D.Mo.App.1992). Therefore, if an appellant, as in the case at bar, claims that the trial court erred in denying a motion to suppress, his failure to provide a transcript of the hearing on the motion is sufficient reason alone to deny his motion. *State v. Vandeventer*, 746 S.W.2d 658, 660 (Mo.App.1988). Nonetheless, we exercise the option to review the record before us for plain error. Rule 30.-20.

■ To obtain relief as plain error, a defendant must establish more than "demonstrable prejudice," but must demonstrate the existence of error which results in "manifest injustice" or a "miscarriage of justice" if left uncorrected. *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo.banc 1989), *cert. denied* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989).

■ Floyd's first contention is that his statements to the deputy sheriff should have been suppressed because they were given during a custodial interrogation prior to the time he was advised of his rights.

Where a defendant voluntarily accompanies police officers to the police station for questioning, a custodial interrogation does not exist. *State v. Brewster*, 836 S.W.2d 9, 10 (E.D.Mo.App.1992). When a suspect is not under arrest or otherwise restrained of his liberty, there is no custodial interrogation even if the individual is already a suspect in the minds of the officers. *State v. Feltrop*, 803 S.W.2d 1, 13 (Mo.banc 1991) *cert. denied*, —— U.S. ——, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991), citing *Oregon v. Mathiason*, 429 U.S. 492, 494–5, 97 S.Ct. 711, 713–14, 50 L.Ed.2d 714 (1977).

■ The record in the case at bar reflects that Floyd voluntarily accompanied the deputy to the sheriff's office and that he was not formally placed under arrest or otherwise restrained sufficiently to constitute an arrest prior to the time he was read his Miranda Rights. Then after being read his Miranda Rights Floyd waived his rights before a final statement was taken.

Floyd's first contention is denied.

Floyd's second contention is that his statements were involuntary due to his level of intoxication.

■ Intoxication does not render a statement involuntary unless it rises to a mania. *State v. Rowe*, 806 S.W.2d 122, 127 (Mo. App.1991). Even then a confession is not involuntary within the meaning of the due process clause of the fourteenth amendment absent coercive police activity. *Id.* citing *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515, 522, 93 L.Ed.2d 473 (1986).

 

Both Lambert and the deputy who questioned Floyd testified that he did not appear to be intoxicated. The record does not support Floyd's second contention.

The judgment of the trial court is affirmed.

All concur.