STATE of Missouri, Respondent,

v.

William DYE, Appellant.

William DYE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66781, 70476.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 10, 1997.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Blegen, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Chief Judge.

Defendant, William Dye, appeals from the judgment entered on his conviction for murder in the second degree, § 565.021 RSMo 1994, and the denial of his 29.15 motion for postconviction relief. We reverse and remand.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial: On October 11, 1992, defendant went to a gas station near his apartment and asked the attendant to call 911 and report that his wife, Tammy Dye, appeared to have been raped and murdered.

When officers arrived, defendant directed them to the bedroom where Mrs. Dye was lying on the bed. Paramedics later confirmed that she was dead.

Officer Michael Amendola was one of the officers that responded to the Dye residence. Officer Amendola testified that defendant became disruptive to the crime scene. He, therefore, asked defendant if he would go to the police station so that the officers could gather information. Defendant agreed, and Officer William Witterholt drove defendant and his young daughter to the station.

Both Officers Amendola and Witterholt testified that defendant was not under arrest or in custody when he was transported to the police station. Defendant was not handcuffed and his daughter was with him. Officer Witterhold testified that defendant rode in the back seat of the patrol car because only police officers are allowed to ride in front.

Upon arriving at the police station, defendant was taken to the juvenile interview room. According to Officer Witterholt, defendant was not in custody and could have left upon request. On cross-examination defense counsel asked Officer Witterholt if he would have let defendant leave and he an-

swered, "I guess not." Defendant, however, never asked to leave.

Detective Michael Harvey took defendant's statement. Detective Harvey introduced himself to defendant and told him that he was not under arrest. He explained that he needed defendant's help to determine what happened to Mrs. Dye. Defendant stated that he understood, and realized he was not under arrest. Detective Harvey also testified that defendant was free to leave, but that he never asked to leave. Defendant subsequently gave a statement wherein he recounted what he and Mrs. Dye had done the previous day. In that statement, defendant said that both he and Mrs. Dye had been drinking.

At one point Detective Harvey left the room to call the officers at the Dye's apartment. When Detective Harvey returned, defendant said that he no longer wanted to talk, and requested an attorney. Detective Harvey immediately stopped the interview. Defendant was then placed under arrest for his wife's murder.

A jury later convicted defendant of murder in the second degree and he was sentenced to life imprisonment.

Defendant raises numerous points on appeal, one of which we find dispositive. Defendant claims that the trial court erred in submitting instruction number 6, patterned after MAI–CR 3d 310.50. The state concedes that the judgment must be reversed and remanded due to instructional error.

■ The given instruction read, "[i]n determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." In *State v. Erwin*, 848 S.W.2d 476 (Mo. banc 1993), our supreme court held that this version of MAI–CR 3d 310.50 violated due process in that it relieved the state of its burden to prove the required mental state of the crime charged. *Erwin* at 483. *Erwin* further held that submitting the instruction would constitute reversible error in all subsequent trials and in all trials subject to direct appeal at the time of the decision. *Id.*

Defendant's case was tried more than one year after the *Erwin* decision. Accordingly, the trial court's submission of this instruction constituted reversible error. Point granted.

Defendant also contends that the trial court erred in submitting the instruction because there was no evidence of impairment as required by the Notes on Use to MAI–CR 3d 310.50. However, the present instruction and its Notes on Use differ from the instruction given at trial, so we need not resolve this issue. *See State v. Wacaser*, 794 S.W.2d 190, 195 (Mo. banc 1990).

In light of our preceding holding we will address only those remaining points which are likely to recur on re-trial.

Defendant argues in point four that the trial court abused its discretion when it refused to allow defense counsel to introduce evidence that state's witness Frank Gilbert had been involved in a fight with defendant prior to trial.

Gilbert testified that he heard defendant admit to choking his wife. On cross-examination defense counsel asked Gilbert if he had been involved in a fight with defendant. Gilbert stated that he had not. Defendant then sought to introduce the testimony of Vincent Sanders to show that defendant and Gilbert had been in a fight. The state sought to exclude this testimony on the ground that it was a collateral matter. The trial court excluded the testimony.

■ Defendant contends that the testimony was relevant to show Gilbert's bias against defendant. The interest or bias of a witness and his relation to or feelings toward a party are never irrelevant matters. *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985). However, "the authority of a party, and in particular a criminal defendant, to show the existence and extent of a witness' bias, prejudice or hostility is subject to the sound discretion of the trial court." *Id.* Absent a clear abuse of discretion we will not disturb the trial court's ruling. *State v. Edwards*, 637 S.W.2d 27, 30 (Mo.1982).

■ When defendant sought to introduce this evidence he had already cross-examined Gilbert about whether a fight occurred and Gilbert stated that it had not. We find that

it was within the trial court's discretion to limit defendant's further inquiry through the use of extrinsic evidence. Point denied.

Finally, in point six, defendant argues that the trial court erred in overruling defendant's motion to suppress statements made to police prior to being given his *Miranda*[1] rights. Defendant objected to the admission of this evidence at trial based on his previous motion to suppress. Defendant contends that the questioning by police constituted a custodial interrogation requiring the safeguards of *Miranda*.

■ Our review of a denial of a motion to suppress is limited to whether the evidence is sufficient to support the trial court's order. *State v. Williams*, 861 S.W.2d 670, 674 (Mo.App.1993). The facts and all reasonable inferences are viewed in favor of the challenged ruling. *Id.* We will not disturb the trial court's ruling absent manifest error. *State v. Norton*, 904 S.W.2d 265, 271 (Mo. App.1995).

■ A custodial interrogation occurs only when the suspect is formally arrested or is subjected to arrest-like restraints. *State v. Feltrop*, 803 S.W.2d 1, 13 (Mo. banc 1991); *Norton*, 904 S.W.2d at 271. A person who is being asked preliminary, investigatory questions by police officers is not in custody. *State v. Crane*, 841 S.W.2d 271, 273 (Mo.App. 1992). Furthermore, "[w]here a defendant voluntarily accompanies police officers to the police station for questioning, a custodial interrogation does not exist." *State v. Floyd*, 847 S.W.2d 97, 98 (Mo.App.1992).

■ The evidence in this case shows that defendant voluntarily reported the crime by asking the gas station attendant to call 911. He then waited for police to arrive and directed the officers to his wife's body. Defendant also voluntarily accompanied Officer Witterholt to the police station. Officer Witterholt and Detective Harvey both testified that defendant was free to leave at any time. Defendant, however, never asked to leave and stated that he realized he was not under arrest. Furthermore, defendant was free to stop the questioning at any time as evidenced by the fact that Detective Harvey immediate-

ly stopped the interview at defendant's request. The fact that Officer Witterholt testified that he "guessed" he would not have let defendant leave is irrelevant. *See Norton*, 904 S.W.2d at 272. Our focus is on the events that actually occurred. *See Id.*

We, therefore, find sufficient evidence for the trial court to find that defendant was not in custody at the time of the interview and was not entitled to any *Miranda* warnings. Point denied.

The judgment of the trial court is reversed and the case is remanded for a new trial.

CRANDALL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.      1602, 16 L.Ed.2d 694 (1966).