STATE of Missouri,
Plaintiff/Respondent,

v.

George BROWN, Defendant/Appellant.

No. ED 75894.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 11, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 2000.

Application for Transfer Denied
June 27, 2000.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant, George Brown, was charged with possession of a prohibited article, a homemade knife, on the premises of a correctional center, in violation of Section 217.360(4) RSMo (Cum.Supp.1997). At trial, the state introduced evidence that, after waiving his rights under *Miranda,* defendant acknowledged that the knife was his. After the jury found defendant guilty, the trial court sentenced defendant to a term of fifteen years to run consecutively with the life term he was already serving.

For his primary point on appeal, defendant asserts that the trial court erred in admitting his confession because, eleven days prior to admitting ownership of the knife, he told a correctional officer that he wanted an attorney and no attorney was made available to him before an officer next contacted him. He contends that *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) prohibits prison officials from contacting him without having provided him with an attorney once

he invoked his right to counsel. We affirm on the grounds that *Edwards* does not apply because there was no evidence showing defendant's request for counsel occurred during a custodial interrogation and, thus, his *Miranda* right to counsel was not triggered during the first contact with officials.

On September 24, 1997, defendant was an inmate at the Potosi Correctional Center and was housed in cell 3A–31 with Derek Jennings. That day, Corrections Officer Sam Bergner learned that defendant had a new tattoo. While defendant was present, Officer Bergner searched defendant's cell for a tattoo gun. Instead of a tattoo gun, Officer Bergner found and seized a homemade knife from the corner of the top bunk mattress belonging to defendant's cellmate.

The following day, Officer Joseph Rosenberg, a zone lieutenant employed by the Missouri Department of Corrections at the Potosi Correctional Center, interviewed defendant. He testified that defendant made the following statement: "I want legal counsel and I want a mother fucking lie detector. I want the knife dusted for fingerprints and I don't know about any knife in this cell." Officer Rosenberg wrote the statement on a violation report form, gave a copy to defendant, and the interview concluded.[1]

On October 6, 1997, Fred Johnson, a functioning manager at the Potosi Correctional Center, held an adjustment hearing for defendant regarding his conduct violation for possession of dangerous contraband. Johnson went to defendant's cell and asked defendant if he wanted to participate in the hearing. Defendant agreed and Johnson read defendant his *Miranda* rights, which defendant then waived. Johnson asked defendant if he would like to make a statement whereupon defendant admitted ownership of the knife.

Defendant was thereafter charged by information with possession of a prohibited

---

1. This report is not part of the record on    appeal.

article on the premises of a correctional center, in violation of Section 217.360(4) RSMo (Cum.Supp.1997). Defendant filed a motion to suppress his statements which the trial court denied after a hearing. At trial defendant renewed his motion and objected to the introduction of his October 6 statement.

I. *Admission of October 6 Statement*

For his first point defendant contends that the trial court erred in overruling the motion to suppress his October 6 statement and in admitting that statement over objection at trial. Defendant argues that his September 25 request for counsel mandated that officers not contact him again until counsel had been provided to him and that, therefore, under *Edwards,* the October 6 contact rendered his October 6 waiver of counsel invalid and his statements inadmissible.

When a defendant has moved to suppress his or her inculpatory statements, the state bears the burden of proving, by a preponderance of the evidence, that the defendant made those statements voluntarily. *State v. Martin,* 820 S.W.2d 605, 606 (Mo.App.1991). In order to meet its burden, the state is not required to negate every possible circumstance which, if developed, could present a fact issue on the question of voluntariness. *State v. Nolan,* 423 S.W.2d 815, 818 (Mo. banc 1968). Rather, it is sufficient for the state to present a prima facie showing of voluntariness. *Id.* If a defendant contends that special circumstances exist which make the confession involuntary, the defendant is then required to present evidence to support that contention. *Id.; State v. Vinson,* 854 S.W.2d 615, 625 (Mo.App.1993).

Our review of a trial court's denial of a motion to suppress is limited to whether the evidence is sufficient to support the trial court's order. *State v. Dye,* 946 S.W.2d 783, 786 (Mo.App.1997). We consider the facts and all reasonable inferences in favor of the trial court's ruling. *Id.* We will not disturb the challenged ruling absent manifest error. *Id.*

At the hearing on the motion to suppress, the state adduced evidence from Officer Johnson that on October 6 defendant was given the option to appear and testify at an administrative disciplinary hearing, that he was read the *Miranda* rights prior to the hearing, that defendant acknowledged that he understood those rights and waived them in writing, and that defendant was then asked if he had a statement to make on his own behalf. Defendant made his statement, which Johnson wrote down, and defendant approved and signed it. Johnson had no first-hand knowledge that defendant had previously asked for an attorney and did not remember if he had read about this request in a report. The trial court overruled the motion.

At trial, after the state adduced similar evidence regarding the October 6 statement, defendant called Officer Rosenberg. Rosenberg was asked if he had the occasion to interview defendant on September 25, if defendant gave a statement, the content of the statement, and whether he continued to question defendant or had further contact with him.

The state argues that the evidence regarding the September 25 interview did not show that defendant made his request for counsel during a custodial interrogation and, therefore, his rights under *Edwards* did not attach. We agree.

In *Miranda v. Arizona,* the Court required that a custodial interrogation be preceded by an advice of rights, including advice of the right to counsel; if an accused requests counsel, "interrogation must cease until an attorney is present." 384 U.S. 436, 474, 86 S.Ct. 1602, 1627, 16 L.Ed.2d 694 (1966). Subsequently, the Court held that once an accused has so requested counsel the accused is not subject to further interrogation by authorities unless counsel has been made available, or unless the accused is the one who initiates further contact. *Edwards,* 451 U.S. at 484–85, 101 S.Ct. at 1884–85. The Supreme Court has never expanded the *Ed-*

*wards* rule to non-custodial requests for counsel. *McNeil v. Wisconsin,* 501 U.S. 171, 182 n. 3, 111 S.Ct. 2204, 2211 n. 3, 115 L.Ed.2d 158 (1991).

■ A defendant's status as a prison inmate does not necessarily make an interview by prison officials "custodial interrogation" requiring the protections set out in *Miranda.* *See State v. Baker,* 850 S.W.2d 944, 950 (Mo.App.1993). *See* also *Leviston v. Black,* 843 F.2d 302, 304 (8th Cir.1988); *Cervantes v. Walker,* 589 F.2d 424, 427 (9th Cir.1978); *United States v. Conley,* 779 F.2d 970, 973 (4th Cir.1985); *Garcia v. Singletary,* 13 F.3d 1487 (11th Cir.1994); *State v. Goss,* 995 S.W.2d 617, 629 (Tenn. Crim.App.1998). When a prison inmate is questioned, "the language used to summon the individual, the physical surroundings of the interrogation, the extent to which he is confronted with evidence of his guilt, and the additional pressure exerted to detain him must be considered to determine whether a reasonable person would believe there had been a restriction of his freedom over and above that in his normal prisoner setting." *Cervantes,* 589 F.2d at 428. *See also United States v. Chamberlain,* 163 F.3d 499, 503 (8th Cir.1998).

■ Here, there was no evidence of circumstances which would show that, at the time defendant made the statement requesting a lawyer, he was "in custody" or subject to custodial interrogation for *Miranda* purposes. In particular there was no evidence, at the suppression hearing or at trial, which showed:

1. That any coercive language was used to set up or start the interview or summon the defendant;
2. That any coercive questions were asked of defendant or coercive statements were made to defendant;
3. That defendant was removed from his cell;
4. That defendant was confronted with evidence of his guilt;

5. That any additional pressure was put on defendant, such as a lengthy interrogation, psychological schemes, deceptive stratagems, or strong arm tactics;
6. That an additional restriction was placed on his freedom of movement at the time of the interview.[2]

The state made a prima facie showing that the defendant's October 6 statement was voluntary. Because the evidence does not show circumstances which would support a finding that defendant made his request for counsel during a custodial interrogation, *Edwards* does not apply to preclude admission of the October 6 statement which defendant made after he was advised of and had waived his rights under *Miranda.* The evidence is sufficient to support the trial court's order. The trial court did not err in admitting defendant's statement. Point one is denied.

## II.  Closing Argument

■ For his second point defendant contends that trial court plainly erred by allowing the prosecutor to state during closing argument that there was "clear and convincing" evidence that defendant possessed the knife. Defendant did not object or request remedial relief at trial and does not identify in his point on appeal what action he thinks the court should have taken.

■ We should rarely grant relief for assertions of plain error occurring in closing argument. *State v. Cobb,* 875 S.W.2d 533, 537 (Mo. banc 1994); *State v. Clemmons,* 753 S.W.2d 901, 907 (Mo. banc 1988); *State v. Wood,* 719 S.W.2d 756, 759 (Mo. banc 1986). "This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *Clemmons,* 753 S.W.2d at

---

**2.** At some point an order was issued that defendant remain in administrative segregation until the time of the hearing, but the record does not reflect if this was before or after the interview, and, in any event, his counsel advised the court that defendant was already in administrative segregation for another misconduct charge.

907–08. We may exercise our discretion to consider plain errors affecting substantial rights if we find that manifest injustice or miscarriage of justice has resulted therefrom. Rule 30.20. We have examined defendant's claim and find no basis for plain error review. Point two is denied.

ROBERT G. DOWD, Jr. and SHERRI B. SULLIVAN, J. concur.