**STATE of Missouri, Respondent,**

v.

**Michael POLITTE, Appellant.**

**No. ED 81147.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 14, 2003.

Motion for Rehearing and/or Transfer to Supreme Court
and Motion to Publish Denied Dec. 10, 2003.

Arthur S. Margulis, St. Louis, MO, for appellant.

John M. Morris III, Adriane D. Crouse, Jefferson City, MO, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J, and GEORGE W. DRAPER III, J.

## ORDER

PER CURIAM.

Michael Politte (hereinafter, "Defendant") appeals from the judgment entered after a jury convicted him of second-degree murder, Section 565.021.1 RSMo (2000). Defendant was sentenced to a term of life imprisonment. Defendant brings two claims of error regarding the admissibility of statements he made to the police.[1] First, Defendant claims the trial

---

counsel fails to comply with Rule 84.04(d) in drafting his points relied on in that both points fail to state the "legal reason for the claim of reversible error" and "explain why

court erred in denying his motion to suppress statements because he was not informed of his rights under *Miranda,* and the questioning took place in a custodial setting. Second, Defendant claims the trial court erred in admitting the statements made after he received *Miranda* warnings because these statements were tainted by his pre-*Miranda* statements, thus rendering the post-*Miranda* statements involuntary.

We have reviewed the briefs of the parties, the legal file, and the transcripts and find the trial court did not err in denying Defendant's motion to suppress statements. *State v. Dye,* 946 S.W.2d 783, 786 (Mo.App. E.D.1997). An opinion reciting the detailed facts and restating the principles of law would have no precedential value. We have, however, provided a memorandum opinion, only for the use of the parties, setting forth the reasons for our decision. The judgment is affirmed pursuant to Rule 30.25(b).

the legal reasons, in the context of the case, support the claim of reversible error." However, we can glean the legal reasons from Defendant's arguments, therefore, we will address the merits of his claim. We note that

failure to comply with these dictates can result in the dismissal of the point relied on. *M.C. v. Yeargin,* 11 S.W.3d 604, 611 (Mo.App. E.D.1999); Rule 84.04(d).